ALFRED A. PAXSON, Respondent, v. ST. LOUIS DRAYAGE: COMPANY *et al.*, Appellants.

St. Louis Court of Appeals, December 19, 1893.

1. **Practice, Appellate:** EXAMINATION OF VOLUMINOUS EVIDENCE.. An appellant is not entitled to the examination of voluminous evidence by this court, when he himself makes no statement of it and lends no assistance thereto.

2. ————: DE MINIMIS NON CURAT LEX. A judgment will not be reversed for error in a trifling amount—in this cause $1.89.

*Appeal from the St. Louis City Circuit Court.*—HON.. LEROY B. VALLIANT, Judge.

AFFIRMED.

*Henry B. Davis* for appellants.

*Alfred A. Paxson* for respondent.

BIGGS, J.—This is an action for damages for breach of the following contract:

"This agreement, made and entered into this thirteenth day of December, 1889, by and between the Batchelder Egg Case Company, of St. Louis, Missouri, party of the first part, and F. F. Henseler, general manager of the St. Louis Drayage Company, St. Louis, Missouri, party of the second party,

" *Witnesseth:* The said party of the second part agrees to do the draying and delivering of the goods of the said party of the first part from their store in St. Louis, Missouri, to the freight depots and to city customers in St. Louis at the following rates:

"Butter tubs, nested, per one hundred tubs, twenty-five cents.

"Empty egg cases, per hundred cases, thirty-five cents.

"Filled egg cases, or cases of fillers, per one hundred cases, $1.

"K. D. cases, per one hundred pounds, two and one-half cents.

"Car lots from depots in St. Louis, and from store to depots in St. Louis, $6 per car. All freights going to East St. Louis to be collected from railroad company at East St. Louis, except to points below Cairo, Illinois, at tariff rates by the said party of the second part. Ample consideration to be paid by the party of the first part to parties of the second part for the drayage of creamery supplies of all kinds, inclusive of salt, etc., which cannot well be classified in this agreement.

"The said parties of the second part are to render unto the said parties of the first part at the end of each month an itemized statement or bill for the drayage done during the preceding month.

"It is further agreed and understood that this contract shall hold good for one year from the date first mentioned above.

"In witness whereof we have, this thirty-first day of December, 1890, set our hands and seals, and unto the duplicate thereof.

"(Signed)          BATCHELDER EGG CASE CO.,
          "E. E. Clark, Cashier.
"(Signed)          ST. LOUIS DRAYAGE CO.,
          "F. F. Henseler, G. M."

The breach alleged is that, from and after March 13, 1890, the defendant, the St. Louis Drayage Company, refused to haul the freight tendered by the Batchelder Egg Case Company, and that in consequence thereof the egg case company was compelled to, and did, expend a larger sum than the contract price would have

amounted to for the services which appellant had agreed to perform. The cause of action growing out of the alleged breach was assigned to the plaintiff.

It is admitted by the drayage company that it failed and refused to perform the contract on and after March 13, 1890, and that the prices paid to other parties by the egg case company were as claimed, and were reasonable. The defendant, the drayage company, justified its refusal to proceed further with the contract upon the following grounds. *First.* The egg case company had in many instances fraudulently understated the weight of freight. *Second.* It had insisted that the defendant should haul single articles, such as butter tubs and egg cases, at the same rate as was agreed upon in the contract for the tubs "nested" per hundred tubs, etc. *Third.* It had refused to pay bills for freight, and that defendant was obliged to bring suit to collect them.

The case was sent to a referee, who took testimony and recommended a judgment in plaintiff's favor for $222. The defendants filed exceptions to the report of the referee, which the circuit court overruled. Thereupon the report was approved, and a judgment entered for the amount found to be due by the referee. The drayage company only has appealed.

It was undisputed that the appellant's bill for hauling freight during the month of January was promptly paid. The referee found that the bill for February and up to March 13, as presented by the appellant, was not warranted by the rate fixed in the contract, and that, therefore, the refusal of the egg case company to pay it constituted no valid excuse for the abandonment of the contract by the appellant.

The referee also found that the appellant had ample protection under the contract by weighing the goods delivered to it for transportation, and the fact

that the egg case company had noted underweights ·on some of the goods was not a justification for the ·abandonment of the contract by the appellant.

Whether the facts found by the referee and his con-·clusion thereon are authorized by the evidence we can ·only know by an examination of the transcript. The briefs presented by the appellant fail to give any of the ·evidence; in fact, no reference is made to it. This is not a compliance with the rules of the court. The record is very voluminous, and it is unreasonable to ·ask us to go through it unaided by counsel. *McKensie v. Railroad*, 24 Mo. App. 392, 396; *Jayne v. Wine*, 98 Mo. 404.

It is contended by the appellants that it was not bound to carry separate or single articles, (which were contracted for in round numbers) at the contract rate. Conceding this point to be well taken, the evidence ·bearing on the question, as it appears from the ·respondent's abstract, shows that the recovery on this score was for only $1.89. We can not reverse the judgment for so trivial a sum. *De minimis non ·curat lex.*

Judge BOND, having been the referee in the case, ·does not participate in the decision. Judge ROMBAUER concurring, the judgment will be affirmed.