ANDREWS v. BUCKBEE *et al., Appellants.*

1. **Scire Facias**: MODE OF SERVICE. A *scire facias*, when issued to revive the lien of a judgment, should be served in the same manner as an ordinary summons.

2. ———: APPEARANCE WAIVES DEFECTS. By appearing and pleading to a writ of *scire facias*, the defendant waives defects in service.

3. ———: JEOFAILS. A *scire facias*, though informal, will be good after judgment upon it, if it contains enough to show what judgment is intended to be revived.

*Appeal from Jasper Circuit Court.*—HON. JOSEPH CRAVENS, Judge.

AFFIRMED.

*R. F. Buller* for appellants.

*Reynolds & Halliburton* for respondent.

HOUGH, C. J.—This is a proceeding by *scire facias* to revive the lien of a judgment. Two writs were issued. The first writ, which was issued in time, was more in the nature of a writ of summons than a *scire facias*. After the time had expired within which a writ of *scire facias* might issue, a more formal writ was issued. Both writs were served in the manner provided by law for the service of a summons. The defendants moved to quash both writs; the first, because it was defective and insufficient; and the second, because it was not issued in time. This motion was overruled, and an answer having been filed by defendants, the court, after hearing testimony, rendered judgment reviving the lien.

The questions presented for determination relate to the manner of service of a *scire facias*, and the validity of the writ first issued.

In the case of *Garner v. Hays*, 3 Mo. 436, it was held by this court that a *scire facias* served in the presence of two respectable persons of the bailiwick, was served in the mode prescribed by the statute. We have been unable to find any statute of this State prescribing the mode of service of a writ of *scire facias* to revive a judgment. The ancient writ of *scire facias* commanded the sheriff, that by honest and lawful men of his bailiwick he make known to the person named, that he be and appear, etc., etc.; and the return of the sheriff of service was, that "I have, by A and B, good and lawful men of my bailiwick, given notice to L M, tenant, etc., to be and appear," etc. Tidd's

Forms, 479, 503; Kelly on *Sci. Fa.*, 276. But in modern practice, the writ of *scire facias* contains an ordinary clause of summons, and the writ is deemed to be sufficiently executed when served by the sheriff as a writ of summons. *Alexander v. Steel,* 13 Ark. 392. Writs of *scire facias* for revivor are by statute required to be served as writs of summons; R. S., § 3666; and summoners are no longer employed in England, either in the execution of writs for revivor, or *scire facias* on judgments. The spirit of our legislation on the subject of the execution of process is at variance with the ancient common law method of serving writs of *scire facias*, and we are of opinion that such writs, when issued to revive the lien of a judgment, should be served as similar writs are required to be served, when issued for the purpose of revivor.

In the case before us, the appellants would be bound by the proceedings had, even though the service had been insufficient, inasmuch as they appeared and pleaded to the writ.

The writ first issued was exceedingly informal, but it contained enough to notify the defendants what judgment it was, the lien of which was sought to be revived, and as the statute of amendments is made applicable to writs of *scire facias*, (R. S., § 3585,) this writ, which was issued in time, must be held to be sufficient to support the judgment.

The judgment of the circuit court will, therefore, be affirmed. The other judges concur.