G. M. McKENSIE, Respondent, v. MISSOURI PACIFIC RAILWAY COMPANY, Appellant.

**St. Louis Court of Appeals, January 18, 1887.**

1. MALICIOUS PROSECUTION—TERMINATION OF ORIGINAL PROSECUTION ESSENTIAL—BURDEN OF PROOF.—In an action for malicious prosecution, the plaintiff must affirmatively show that the original prosecution has been determined.

2. —— BAIL—PRINCIPAL AND SURETY.—The surety in a bail bond, conditioned that the principal will appear to answer an indictment, is discharged when the indictment is quashed, although no formal entry discharging the bail has been entered of record.

3. PRACTICE—APPELLATE—ASSIGNMENT OF ERRORS MUST BE SPECIFIC. Appellate courts will not search the records for errors in the admission of testimony where none are specifically pointed out in brief or argument.

4. —— INSTRUCTIONS.—Instructions being *prima facie* correct,

appellate courts will disregard a general assignment of errors therein where no specific objections to them are pointed out in argument or brief.

APPEAL from the St. Louis Circuit Court, SHEPARD BARCLAY, Judge.

*Affirmed.*

THOMAS J. PORTIS, BENNETT PIKE, and H. G. HERBEL, for the appellant.

A. R. TAYLOR and H. D. LAUGHLIN, for the respondent.

THOMPSON, J., delivered the opinion of the court.

This is an action for damages for the malicious prosecution of a criminal action. The petition contains three counts, each of them setting up as the ground of the action the malicious procuring by the defendant, through certain of its agents, of an indictment of the plaintiff by a grand jury for the crime of forgery. The answer to each count is a general denial and a plea of the statute of limitations. The defence of the statute of limitations appears to have been abandoned—at least, we do not hear anything of it on this appeal. There was a trial before a jury, and a verdict and judgment in favor of the plaintiff for the sum of two hundred dollars upon each count of the petition. The defendant appeals.

The record is very voluminous, containing three hundred and forty pages of writing. It is our duty to say that we have not had the proper aid from counsel on either side of the case in determining the merits of the appeal. Indeed, the respondent's counsel has filed no brief at all.

I. The first point made by the appellant is, that the action was prematurely brought. This contention is based upon the argument that the plaintiff's motion in the criminal court for the discharge of himself and

sureties was overruled, and that he was still held to bail under the original recognizance at the time when this action was brought, which was nearly two years and three months after the overruling of such motion. It appears that the plaintiff was arrested upon a capias issued from the criminal court of the city of St. Louis, upon the grand jury returning the three indictments for forgery against the plaintiff, which have already been spoken of, and that the plaintiff entered into a bond with sureties before the sheriff for his appearance before the criminal court to answer the indictments; but we do not find the bond set out in the record, nor do we find any recital of its terms and conditions. It appears that the three indictments were returned by the grand jury on the sixteenth of February, 1883 ; that a motion was made by the defendant (now plaintiff) to quash these indictments for insufficiency in law, and that, on the twentieth of April, 1883, the court sustained this motion by the following order of record entered in the three cases: "This day the court, having considered the motion to quash in each of the above entitled causes, and being fully advised thereof, doth sustain such motion. It is, therefore, considered by the court that the defendant be discharged from said indictments, and to go hence and thereof without day." It also appears that, on the following day, April 21, 1883, the following order was made of record : "This day the court, having considered the motion to discharge the defendant and his sureties herein, and being fully advised thereof, doth overrule said motion." Oral testimony was given to the effect that the object of the court in refusing to discharge the defendant and his sureties was to give time for the preparation and finding of new indictments against him. The above was the last order which appeared of record in the case at the time of the trial of this action, which commenced on the second of February, 1886, nearly three years after the above orders were made.

It thus appears that the plaintiff in the present action was arrested in consequence of the finding of three indictments against him by the grand jury for the crime of forgery, and that bail was taken by the sheriff. As the conditions of the bail bond were not made to appear at the trial, and as the statute (Rev. Stat., sect. 1832) does not prescribe the terms of the bond or recognizance, we are left to assume that the terms of the recognizance were, to appear in the criminal court, and answer these indictments. Clearly the sheriff would not have been authorized to exact a recognizance to appear for the purpose of answering any other charge. When, therefore, the court quashed the indictments and adjudged that the accused go hence without day, the recognizance was discharged and became *functus officio*, and the subsequent order, overruling the motion to discharge the defendant and his sureties therefrom, was illegal and void. The court could not hold the defendant under that bond to answer some *other* charge that might be preferred against him, for the bond was presumptively to answer the charge contained in *those* indictments, and no other. Possibly the court had such power over the case until the close of the term, that it might, at any time during the term, have vacated the order quashing the indictments, and in that manner kept the recognizance in force until new indictments could have been preferred. But the order quashing the indictments was a finality ; they were not reinstated ; from that time the defendant was out of court ; he was, by operation of law, discharged from the case, to appear and answer which his recognizance had been given, and on the clearest grounds the court could no more hold him upon that recognizance. The motion of the accused, for himself and his sureties, to be discharged from the recognizance, was a work of supererogation. They were already discharged, and that prosecution was ended. It is true, as argued on behalf of the appellant, that the state might, at any time within three years after the

quashing of the indictments, have procured new indict-
ments against the accused for the same offence. It
might, and it might not. The statute of limitations
would constitute no bar. Rev. Stat., sects. 1704, 1707.
But the same, or, another grand jury might not be willing
to return fresh indictments upon the same evidence, or
upon such evidence as the prosecutor was able to furnish
to the state's attorney. The appeal to the statute of
limitations, which is made on behalf of the appellant,
proves too much ; because, if this prosecution was not
determined when the indictments were quashed, the
accused has been in court all the time and the statute
of limitations has not ceased to run at all. Of course,
we do not intimate an opinion that the criminal court
had not the power, after quashing the indictments, to
hold the accused to bail to answer such other indict-
ment or indictments as the grand jury might prefer ; but
that would necessitate a new recognizance, and the
order requiring it would be tantamount to the commence-
ment of a new prosecution.

II.  The other objections raised by the appellant are
not, in the form in which they are made, worthy of any
notice. The first is, that "the court erred in excluding
competent, material, and relevant evidence offered by the
defendant." To this four decisions are cited ; but
counsel nowhere point out the rulings they complain of,
but seem to expect us to search, of our own motion,
through a record of three hundred and forty pages, to
see if we can not possibly find that the court some-
where excluded competent, material, and relevant evi-
dence offered by the defendant. The next objection is
of the same character. It is, that "the court erred in
admitting incompetent, irrelevant, and immaterial evi-
dence offered by the plaintiff, against the objection of
the defendant." To this four other cases are cited ; and
we suppose we are expected to make another inspec-
tion of the record, to see if we can not somewhere find
some instance in which the court admitted incompetent,

irrelevant, and immaterial evidence offered by the plaintiff against the objection of the defendant. This we decline to do. The proceedings and judgments of the trial courts are presumed to be correct until the contrary is made to appear; and it is the duty of the appellants and the plaintiffs in error to put their fingers upon specific errors of which they complain. They owe this duty no less to the court than to the opposite party. The respondent or the defendant in error is entitled to know what assignment of error he is called upon to meet; but this mode of assigning errors would, if sanctioned, drive him to the necessity of making a search through the record and presenting arguments to the court in support of every possible ruling of the court which had been made the subject of an exception below, in the expectation that it might be examined by the appellate court under a general assignment of this kind.

To the last objection, that "the court erred in giving instructions of its own motion," several authorities are cited; but here, as before, we are left to grope in the dark for the purpose of finding out the appellant's ground of objection. Under such an assignment of error, it will be sufficient for us to say that we see no substantial ground of objection to the instructions which the court gave of its own motion.

The judgment will be affirmed. It is so ordered. All the judges concur.