THE STATE OF MISSOURI, Appellant, v. JAMES COBB; B. F. COBB *et al.*, Respondents.

**St. Louis Court of Appeals, April 7, 1891.**

1. **Criminal Law: BAIL.** No authority exists in this state for exacting from a prisoner under indictment for a bailable offense a bond or recognizance, not only for his appearance to answer the indictment, but also for the payment of any fine adjudged against him. A provision for such payment in such bond or recognizance is not enforceable in a statutory proceeding on such bond or recognizance.

2. ——— : ———. When a prisoner gives recognizance for his appearance, and does appear, pleads guilty and is fined at the trial, the condition of the recognizance is satisfied; the recognizance cannot be forfeited for failure to appear subsequent to the trial to answer the sentence.

*Appeal from the Scott Circuit Court.*— HON. H. C. O'BRYAN, Judge

AFFIRMED.

*Albert DeReign*, for appellant.

*J. J. Russell*, for respondents.

THOMPSON, J.—This was a statutory proceeding upon a recognizance given in a criminal case. The sureties demurred to the *scire facias;* the court gave judgment in their favor on the demurrer, and the state prosecutes this appeal.

The facts were that one James Cobb was indicted for an assault with an intent to commit rape; that he was arrested under the indictment, and entered into a bond before the circuit judge for his appearance at court to answer the same; that the recognizance, in addition to the usual conditions for his appearance in court, contained the following: "And, if he shall pay all sums of money adjudged against him by said court on said indictment, then the above bond to be null and void," etc. When the case was called for trial he appeared, and was allowed to plead guilty to a common assault, and was adjudged to pay a fine of $100. He failed to pay this fine, and thereafter, at a subsequent term of the court, he and his sureties were called, and a judgment of forfeiture was entered against them, and a *scire facias* was issued thereon, to which, as already stated, the court sustained their demurrer.

It is very clear that the court was correct in this ruling. No authority exists in this state for exacting from a prisoner, under indictment for a bailable offense, in addition to a bond for his appearance to answer the indictment, a bond to pay any fine that may be adjudged against him by the court. He cannot be compelled, at the price of his liberty between the date of his arrest under the indictment and the close of his trial, to give a bond to pay the fine that may be adjudged against him. The limit of the authority conferred upon the judge, under such circumstances, is to let the prisoner to

bail. This authority is conferred by the following stat-
ute: "When the defendant is in custody or under arrest
for a bailable offense, the judge of the court in which
the indictment or information is pending may let him
to bail and take his bond or recognizance." R. S. 1889,
sec. 4123; R. S. 1879, sec. 1829. Nor does any statu-
tory authority exist for forfeiting such a recognizance
after the prisoner has been discharged *from his original
custody* by the judgment of the court upon his trial;
and this takes place when he is sentenced to pay a pecun-
iary fine without imprisonment. It is then the duty of
the officer having him in charge to commit him to the
proper custody until the fine and costs be paid, or until
he is otherwise discharged by due course of law. But
this custody is a new custody. It is not a custody for the
purpose of answering, but it is a custody for the purpose
of execution. He is held in execution of his sentence, in
default of payment of the fine and costs. The statute
authorizing the forfeitures of recognizance in criminal
cases confirms this view. It is as follows: "If, with-
out sufficient cause or excuse, the defendant fails to
appear for trial or judgment, or upon any other occasion
when his presence in court may be lawfully required,
according to the condition of his recognizance, the court
must direct the fact to be entered upon its minutes, and
thereupon the recognizance is forfeited," etc. There is
here no authority to forfeit, after trial and sentence, a
recognizance given to secure the presence of the pris-
oner in court; and the authority here given can only be
exercised when the defendant fails to appear according
to the condition of his recognizance. He did so appear
when he appeared and pleaded guilty and submitted to
sentence, and this discharged the obligation of his
sureties.

As there was, therefore, no statutory warrant for
that clause of the recognizance, by which the principal
and sureties undertook to pay all sums of money that
might be adjudged against the principal by the court,

no statutory proceeding can be maintained to enforce the same. Whether a common-law action can be maintained upon that condition of the bond, regarding it as a voluntary common-law obligation, is a question not before us for decision.

The judgment of the circuit court will be affirmed. It is so ordered. All the judges concur.