STATE OF MISSOURI, Respondent, v. GEORGE HOEFFNER, Appellant.

St. Louis Court of Appeals, December 15, 1896.

1. **Criminal Law**: PRACTICE AND PROCEDURE: BONDS OF RECOGNIZANCE: LIABILITY OF OBLIGORS FOR DEPARTURE OF PRINCIPAL WITHOUT LEAVE OF COURT. The liability of the obligors in a bond of recognizance, containing a clause requiring the principal to appear on a day stated, "and not to depart the said court without leave thereof," attaches whenever their principal departs the court without its leave, and is in nowise dependent on the existence or validity of an information against such principal at the time the bond was given; and that though the first information was fatally defective.

2. ———: ———: SCIRE FACIAS: ADMISSIONS OF ANSWER, EFFECT OF. A contention by defendant, in such case, that the record did not show that the case against his principal was regularly continued until a certain day, when the forfeiture was adjudged, was without merit, where he admitted in his answer that the cause "was set for hearing on that day," which debarred him from making such contention. Nor was there any merit in his contention that he was prevented from offering proof in support of his answer, which contained no defense to the *scire facias*, but was in legal effect an admission which authorized the court in ordering execution under the *scire facias*.

*Appeal from the St. Louis Court of Criminal Correction.*
HON. DAVID MURPHY, Judge.

AFFIRMED.

*Morris & Fitzgerald* for appellant.

The rules of procedure and construction are the same with reference to informations or indictments. The finding and filing of a second indictment for the same criminal transaction, suspends and quashes the first. *State v. Anderson*, 96 Mo. 241; *State v. Vincent*, 91 Mo. 662.

Even if the second information could be regarded as binding on appellant, his recognizance could not be forfeited without the cause having been continued to the twenty-third of September, 1895, the day of forfeiture. *State v. Mackey*, 55 Mo. 51.

The *scire facias* must show plaintiffs right to recovery. 5 Wait's Act. & Def. "Scire Facias," p. 650, sec. 15; *Pearson v. State*, 7 Tex. App. 279; *Frost v. Reynolds*, 2 Dana (Ky.), 94; *Reitzell v. People*, 72 Ill. 416; *Brown v. State*, 43 Tex. 349.

Bond, J.—On September 4, 1895, defendant entered into bond in the St. Louis court of criminal correction in the sum of $200 conditioned for the appearance of Frank Millhoff, to wit: "On the sixteenth day of September, 1895, at the opening of said court, at 10 o'clock in the forenoon of said day, then and there to answer a charge of petit larceny, and shall also appear at any future day to which this cause may be continued, and shall not depart the said court without leave thereof, then this recognizance to be void, otherwise to remain in full force and effect." At the time of the execution of this bond the information pending against the principal · charged him with larceny in stealing "$3 lawful money of the United States." On the sixteenth day of September the information was amended by charging that the matter of the theft was "twelve　metallic　checks" of　the　value of　$3

and the former information was abandoned. On September 23, 1895, the cause was again called and the said Millhoff failing to appear, a forfeiture of his recognizance was adjudged against defendant and a *scire facias* issued to show cause why execution should not issue according to the terms of the bond. After the overruling of his demurrer defendant in addition to a general denial, answered said *scire facias* as follows:

*Third.* "And for further answer defendant would show and he avers the facts to be, that the aforesaid bond referred to in said *scire facias* was entered into by the principal mentioned therein with this defendant as surety for the appearance of said principal to answer in this court to a charge of petit larceny pending therein against him at that time on information then and there filed, said information alleging the larceny by said principal of certain property, to wit: 'Three dollars in money' and that subsequently, to wit: on the sixteenth day of September, 1895, a second information was filed against said principal in this court, charging him with larceny of 'twelve metallic checks;' that thereupon the aforesaid first information was abandoned by the prosecution and said second information was set for hearing on the twenty-third day of September, 1895, at which time on the calling of said latter case, and not upon the calling of said former case to answer which said principal had given bond, said principal failed to appear and default was entered against principal and surety.

*Fourth.* "Because said *scire facias* shows on its face that this defendant entered into bond as surety for the appearance of Frank Millhoff in this court on the sixteenth day of September, 1895, and on any future day to which his cause might be continued, and said bond was declared forfeited on the twenty-third day of September, 1895, the *scire facias* showing no contin-

State v. Hoeffner.

uance of said cause to September 23, and showing no obligation on the part of said Millhoff to appear in this court on last mentioned day on which the said bond was declared forfeited.    Wherefore defendant Hoeffner having fully answered prays that he may be discharged herefrom with his costs in this behalf expended.''

On these allegations in the defendant's answer final judgment was rendered against him for the amount of his bond, from which this appeal is taken.

The first error assigned is that the filing of the second information discharged the defendant on his recognizance.    This is a mistaken view of the law under the facts in this record.    By the terms of

RECOGNIZANCES: liability of obligors.

defendant's bond the principal therein was required to appear on a day stated "*to answer a charge of petit larceny, and not depart the said court without leave thereof.*"  By reason of this provision the recognizance would have been obligatory, although the first information was fatally defective, unless it was shown that the principal had leave of court for his departure.  *State v. Livingston*, 58 Mo. App. 449; *State v. Poston*, 63 Mo. 521; *State v. Millsaps*, 69 Mo. 359.    The liability of the obligors in bonds containing such a clause attaches whenever their principals depart the court without leave, and is nowise dependent upon the validity or existence of an indictment against such principals at the time the bond is given.

Defendant insists that the record does not show that the case against his principal was regularly continued until the twenty-third of Septem-

SCIRE facias: admissions of answer, effect of.

ber, 1895, when the forfeiture was adjudged.  He is debarred from making this point by the admission in his answer, that said cause was "*set for hearing on that day.*"    Neither is there any merit in his contention that he was prevented from

tendering proof in support of the allegations of his answer. These allegations contain no defense to the *scire facias*, but were in legal effect admissions which warranted the court in ordering execution under the *scire facias*. The effect of the court's action in declining to hear proof of the defenses made in the answer, was a decision that the matters set up therein warranted a judgment on the answer for execution against defendant. Defendant was not prejudiced by this ruling.

Finding no reversible error in the record, the judgment will be affirmed. It is so ordered. All concur.