THE STATE v. CHARLES P. KELLY ET AL., Appellants.—2 S. W. (2d) 750.

Division Two, February 18, 1928.

*James M. Rader, Frank D. Rader* and *Charles S. Walden* for appellant.

1136

*North T. Gentry,* Attorney-General, and *H. D. Harrawood,* Special Assistant Attorney-General, for respondent.

HENWOOD, C.—This is a proceeding by *scire facias* to enforce the forfeiture of alleged recognizances or bail bonds, in three robbery cases in the Circuit Court of Jackson County. The State dismissed as to the principal, Charles P. Kelly, due to failure in the service of process, and final judgment was rendered against the surety, James A. Johnson, for $10,000 in one case, and for $5,000 in each of the other cases, or for $20,000 in all. The trial court overruled his motions for a new trial and in arrest of judgment and he appealed.

The record shows that Kelly was indicted on three separate charges of robbery in the first degree, two of the indictments being returned on May 8, 1923, and the third on February 28, 1924. The three cases were numbered C-627, C-629 and C-1828. Originally, he was released on recognizances in the sum of $5000 in each case. Thereafter, he was surrendered in open court by one of his sureties, and subsequent difficulties in the matter of bail resulted in a *habeas corpus* proceeding in this court on October 14, 1924. The mandate of this court in that proceeding ordered Kelly's release from custody upon the following condition:

"*Upon his giving a good and sufficient bond in each of said causes for his appearance in the said Circuit Court of Jackson County to answer for trial upon each of the said charges, and not depart the court without leave; that in said cause No. C-1828 the petitioner's bond be, and is hereby, fixed at the sum of ten thousand dollars; in cause No. C-627, at five thousand dollars, and in cause No. C-629 at five thousand dollars; that the said bonds and each of them, be taken by Hon. O. A. Lucas, Judge of the Assignment Division of the said Circuit Court of Jackson County, and when so taken and approved by him, it is ordered that he return the said bonds to the division of the said circuit court in which the said causes are pending for trial.*" (Italics ours.)

On May 20, 1925, Judge O. A. Lucas of the Circuit Court of Jackson County approved a certain recognizance or bail bond in the sum of $20,000, signed by Charles P. Kelly, as principal, and James A. Johnson, as surety. On the following day, May 21, 1925, the Chief Justice of this court, acting for the court, approved this recognizance or bail bond and, by order of this court, Kelly was released under the terms thereof. Upon its approval by this court said recognizance or bail bond *was filed in the office of the clerk of this court, where it has ever since remained.* On December 17, 1925, a *certified copy* of the same was filed in the office of the Clerk of the Circuit Court of Jackson County. On December 28, 1925, when the three cases mentioned (No. C-627, No. C-629 and No. C-1828) were called for trial and Kelly failed to appear, forfeitures of alleged recognizances or bail bonds in said cases were declared, in the sum of $10,000 in case No. C-1828, in the sum of $5000 in case No. C-627, and in the sum of $5000 in case No. C-629.

The certified copy of the recognizance or bail bond, upon which this proceeding and the judgment herein is based, appears in the following form:

In the Supreme Court of the State of Missouri.
At Jefferson City, Missouri.

State of Missouri,
Plaintiff,

v.

Charles P. Kelly,
Defendant.

No. C—

### Bond and Recognizance

Know All Men By These Presents:

That the undersigned, Charles P. Kelly, as principal, and James A. Johnson, as surety, acknowledge themselves to owe and be indebted unto the State of Missouri, **in the penal sum of Twenty Thousand Dollars ($20,000).**

The condition of the bond is that said defendant, Charles P. Kelly, shall appear in the Circuit Court of Jackson County, Missouri, Criminal Division No. A, on the first day of the next regular term, the same being the 14th day of September, 1925, and from day to day during said term and from term to term thereafter of said court, should **said cause be continued, then and there to answer thereon unto the State of Missouri upon the charges herein** and not depart the court without leave, then this bond to be void, otherwise to remain in full force and effect. [Boldface ours.]

Done this 20th day of May, 1925.

**Charles P. Kelly, Principal.**

**James A. Johnson, Surety.**

Approved by me this 20th day of May, 1925.

**O. A. Lucas,**

Judge of the Circuit Court,
Division No. 2, Jackson County, Missouri.

May 21st, 1925—The Foregoing bond is approved by the Supreme Court. Defendant is released under this bond.

**W. W. Graves, Chief Justice.**

State of Missouri—Sct.,

I, J. D. Allen, Clerk of the Supreme Court of the State of Missouri, hereby certify that the above and foregoing is a full, true and complete copy of the bond in the case of State of Missouri versus Charles P. Kelly as fully as the same appears and remains on file in my office.

In Testimony Whereof I hereunto set my hand and affix the seal of the Supreme Court of Missouri, at my office in the City of Jefferson, State aforesaid, this 16th day of December, 1926.

(Seal)

**J. D. Allen,**

Clerk of the Supreme Court of Missouri.

The writ of *scire facias* shows on its face that the recognizance or bail bond in controversy was taken by this court and does not allege that it was ever filed in the circuit court. Moreover, as above indicated, the record of the circuit court discloses that it was filed in this court and has ever since remained on file in this court. Thus, on the record proper, we are confronted with the question of the circuit court's jurisdiction to declare a forfeiture of this recognizance or bail bond and to issue this writ and to hear and determine this proceeding.

Section 3841, Revised Statutes 1919, provides that:

"Whenever any prisoner shall be let to bail by any court, it shall be the duty of the clerk of the court by which the prisoner was bailed immediately *to transmit the recognizance taken by such court*

*to the clerk of the court in which the party bailed is required to appear.''* (Italics ours.)

Sections 3842 and 3922 make the same provision for the filing of a recognizance or a bail bond taken by the sheriff or other officer out of court.

In the early cases of State v. Zwifle, 22 Mo. 467, and State v. Randolph, 22 Mo. 474, this court held that a recognizance must be filed in the court where the accused is required to appear in order to sustain a writ of *scire facias* based thereon. LEONARD, J., speaking for the court, in both of these cases, said: "Of course, the party is bound as soon as the obligation is entered into in the form prescribed; but if it be taken by an officer, or *by another court, it must be certified and filed in the court, where the party is bound to appear,* in order to render it complete and make it effectual." (Italics ours.)

These cases were cited with unqualified approval in the later case of State v. Pratt, 148 Mo. l. c. 407, 50 S. W. l. c. 115, wherein Judge SHERWOOD referred to this positive requirement of the statute in the following manner:

"Now, in the case at bar, there was no certificate at all, nor was the bond even so much as returned to the clerk of the circuit court. In such circumstances, although the circuit court had jurisdiction over that class of actions, to-wit, a general jurisdiction, *yet the bond or recognizance never having been filed with the clerk of that court,* that jurisdiction never attached in this particular instance, and consequently the judgment of forfeiture was a proceeding *coram non judice.''* (Italics ours.)

This court has uniformly held that, in order to fully comply with the statute, a recognizance or bond must be filed in the court where the defendant is bound to appear, and that, unless this is done, such court has no authority to enforce the same by a writ of *scire facias.* [State ex rel. v. Lay, 128 Mo. l. c. 615, 29 S. W. l. c. 1000; State v. Austin, 141 Mo. l. c. 487, 43 S. W. l. c. 167; State v. Abel, 170 Mo. l. c. 64, 70 S. W. l. c. 488.]

In the more recent case of State v. Wilson, 265 Mo. 1, 175 S. W. 603, the distinction between a recognizance and a bail bond and the differences in the steps necessary to the enforcement of each are discussed in a very thorough and exhaustive opinion by WALKER, J. And, while the Wilson case overruled certain holdings in the Pratt case, supra, as to the taking and execution of a bail bond out of court, it did not alter the rule as to the filing of the same. On the contrary, the opinion in the Wilson case expressly recognized this rule by use of the following language:

"The instrument being in the nature of a bail bond and not a recognizance, the endorsements thereon show that after it was taken and approved by the probate judge *it was filed in the office of the*

*circuit clerk, where the criminal case against the principal was pending.* Being in other respects in compliance with the law, this was all that was necessary to render it effective and binding upon the parties thereto." [265 Mo. l. c. 21, 175 S. W. l. c. 608.] (Italics ours.)

The learned Attorney-General contends that, under the provisions of Section 5377, Revised Statutes 1919, the filing of the certified copy of this recognizance or bail bond in the circuit court is sufficient to sustain this proceeding and the judgment rendered herein. We find nothing in support of this contention in the statute referred to. Section 5377 merely authorizes the use of certified copies of the bonds of certain administrative officers, in lieu of the originals, as evidence of the making and execution of such bonds. That section and its companion sections of the statutes, contained in the same chapter, do not relate to recognizances or bail bonds taken and filed in criminal prosecutions and do not, in any sense, undertake to provide for their enforcement.

The writ of *scire facias* is not an original writ by which litigation can be initiated; it only marks a stage in litigation already commenced. It is founded on the record of the court that issues it and must rely on the record of that court for its support. As to its use in a proceeding of this character, Corpus Juris says:

"As a general rule, in order that a bail bond or a recognizance may become an obligation of record, on which a *scire facias* may be had or a forfeiture declared, it must be filed in, or made a record of, the court to which it is returnable. It does not become a court record by its mere execution, but must be properly filed and recorded to become such." [6 C. J. 1013.]

In discussing *scire facias* proceedings in general, Cyc. makes the following statement:

"Since the writ of *scire facias* is one which pertains to all courts of record, all courts of record, unless prohibited, have the power to issue it. But a *scire facias* can only issue from the court having possession of the record on which it is founded; the jurisdiction is determined by the record without regard to the residence of the parties, or the sum in dispute." [35 Cyc. 1151.]

Section 3927, Revised Statutes 1919, provides that when a recognizance or bail bond is forfeited "the same shall be proceeded upon by *scire facias* to final judgment and execution thereon." This procedure, of course, is based on the assumption that the recognizance or bail bond has been filed in the court where the party charged is pledged to appear, as provided by Sections 3841, 3842 and 3922, and there preserved for the action of that court thereon. The recognizance or bail bond here involved was not filed in or made a record of the Circuit Court of Jackson County, where the charges against the

defendant Kelly were pending, but was filed in and made a record of this court. Under the plain provisions of the statute, the previous rulings of this court and other well-established authority, the trial court was without jurisdiction to declare a forfeiture of this recognizance or bail bond and to enforce such forfeiture by a *scire facias* proceeding.

The record presents other serious questions to which counsel for appellant have directed our attention, in urging that the judgment rendered below should not be permitted to stand. Among these is, first, the question of whether or not this recognizance or bail bond is sufficient on its face to make it a binding obligation; and, second, the question of whether or not this single obligation in the aggregate sum of $20,000 conforms to the order of this court, which authorized the release of the defendant Kelly in three separate causes, "upon his giving a good and sufficient bond in each of said causes," in the sum of $10,000 in one cause and in the sum of $5000 in each of the other two causes.

In view of the conclusion reached on the question of jurisdiction, it becomes unnecessary to consider these other questions.

The judgment is reversed. *Higbee* and *Davis, CC.,* concur.

PER CURIAM:—The foregoing opinion by HENWOOD, C., is adopted as the opinion of the court. All of the judges concur.