STATE of Missouri, Respondent,

v.

Edwin Leo NORTON, Appellant.

No. 48238.

Supreme Court of Missouri,
En Banc.

June 30, 1961.

Edward R. Jayne, Kirksville, for appellant.

John M. Dalton, former Atty. Gen., James B. Slusher, Asst. Atty. Gen., Vance R. Frick, Pros. Atty. of Adair County, Jefferson City, Thomas F. Eagleton, Atty. Gen., James J. Murphy, Asst. Atty. Gen., for respondent.

BOHLING, Commissioner.

This is an appeal from a judgment in a scire facias proceeding making absolute a judgment of forfeiture of a $1,500 cash

bail deposited by appellant, Edwin Leo Norton, with the Clerk of the Circuit Court of Adair County, Missouri, arising out of a prosecution of the appellant for a misdemeanor. See §§ 544.640–544.660, and Supreme Court Rule 32.12, V.A.M.R. Statutory references are to RSMo 1949 and V.A.M.S., unless otherwise stated.

■ We have appellate jurisdiction "in all civil cases where the state * * * is a party." Art. V, § 3, Mo.Const.1945, V.A.M.S., State v. Haverstick, Mo., 326 S.W.2d 92 [1].

An information, filed on February 2, 1959, charged appellant with violating certain traffic laws of this State on September 7, 1958. Appellant, a member of the Armed Services, was stationed at the Sublette Air Base in Adair County and no bond was at first required. Consult Sup. Ct.Rs. 21.05, 24.20. The case was set for trial on April 30, 1959. The State filed a First Amended Information after the parties were in court ready for trial. Appellant's counsel, stating said Amended Information had been filed "after our coming into court this morning," requested consideration of his oral motion to dismiss the charge on the ground the information attempted to charge more than one crime, and also failed to charge any complete crime. This motion was overruled. Motions for a judgment of acquittal, filed at the close of the State's case and at the close of all the evidence, were overruled. The jury returned a verdict of guilty, assessing appellant's punishment at "60 days in jail and a fine of $100." Appellant filed a motion for new trial, containing an assignment renewing his attacks against the information. He was granted a new trial for error in an instruction.

An order of court, entered December 8, 1959, required appellant to post an appearance bond in the sum of $1,500 on or before December 15, 1959. Pursuant thereto, appellant, on December 11, 1959, deposited $1,500 cash with the Clerk of the Circuit Court (see Sup.Ct.R. 32.04) and

executed and delivered a recognizance conditioned upon appellant's appearing in court to answer said charge on February 1, 1960, "not thence to depart without leave," and appearing in court from time to time thereafter as required throughout the pendency of this action, for trial and all other proceedings therein, including final judgment and sentence, et cetera. See Sup.Ct.R. 32.05.

The case was set for trial on March 30, 1960.

An entry of record of March 30, 1960, reads: "Now, on this day, by order of Court, above cause heretofore set for hearing, on March 30, 1960. Defendant fails to appear."

On said March 30, 1960, counsel for appellant filed a "Motion to Dismiss." Arguments were then heard on said motion and it was taken under advisement by the court.

On March 31, 1960, the prosecuting attorney filed a Motion for Bond Forfeiture in said cause based upon the failure of appellant to appear for trial on March 30, 1960.

The next entry, dated April 5, 1960, reads: "Now on this day it is by the Court ordered that the motion to dismiss and motion for bond forfeiture be continued until April 6, 1960."

On April 6, 1960, the Court entered the following findings and orders:

"The Court finds that the defendant, Edwin Leo Norton, failed to appear herein on the Thirtieth day of March, 1960, and that the information herein is insufficient.

"Wherefore, it is by the Court ordered that the recognizance of the said Edwin Leo Norton filed herein on the Eleventh Day of December, 1959, be forfeited and that a writ of scire facias issue directing said defendant to show cause why a final judgment should not be entered thereon and execution levied to collect the same.

"It is the further order of the Court that defendant's motion to dismiss the information be and the same is hereby sustained and said information is dismissed and defendant discharged herein."

A writ of scire facias issued out of said court on appellant's said recognizance and return thereon was made on April 11, 1960.

On April 15, 1960, appellant filed a Motion to Strike said Writ of Scire Facias and to Release the Recognizance. The court overruled appellant's said motion.

Also on said April 15, 1960, appellant filed "Answer to Writ of Scire Facias." See Andrews v. Buckbee, 77 Mo. 428, 430. The parties thereupon agreed to present the issues to the court. This resulted in a judgment ordering, adjudging and decreeing "that the judgment of forfeiture heretofore entered on the Sixth day of April, 1960, be and the same is hereby made final and absolute. It is the further judgment of the Court that plaintiff have and recover off and from said defendant the sum of One Thousand Five Hundred Dollars ($1,500.00), the amount of the bail posted to secure such recognizance and that execution issue therefor."

This appeal followed in due course.

The record shows that appellant's counsel appeared on March 30, 1960, the day set for trial, and filed a "Motion to Dismiss," which was argued and taken under advisement; and appellant contends, although he was not physically present, that since said Motion to Dismiss was later, April 6, 1960, sustained and appellant discharged, appellant did appear by his attorney and enter a proper defense, and the declaration of forfeiture was improper.

■ Appellant's position is not well taken. Appellant, if convicted, was subject to a jail sentence or fine or both. One condition of his bond was that he not depart the court without leave. It was appel-

lant's appearance, not his attorney's that was required. His bond took the place of the four walls of the jail. It was his duty to appear and await the action of the court. The court was under no obligation to incur the risk of the trial being delayed by motions filed on behalf of appellant on the trial date during appellant's absence. Appellant, by failing to appear, incurred the risk of the forfeiture. State v. Haverstick, Mo., 326 S.W.2d 92, 97, states: " 'The breach of the bond takes place when the defendant fails to report in court as required and the court enters that fact of record.' State v. Wynne, 238 Mo.App. 436, 181 S.W.2d 781, 783." The provision of Sup.Ct.R. 29.02 (see § 546.030) that no person shall be tried for a misdemeanor "unless he be personally present or the court and prosecuting attorney consent to such trial * * * in the absence of the defendant" is subject to such consent being in response to a request by the accused. City of St. Louis v. Moore, Mo. App., 288 S.W.2d 383, 385; City of St. Louis v. Walker, Mo.App., 309 S.W.2d 671, 673, 675, involving municipal traffic violations before the St. Louis Court of Criminal Correction, which court is governed by laws regulating proceedings and practice in criminal cases. See § 479.180 and Sup.Ct.R. 22.09. The record before us discloses no request by appellant that the case be tried in his absence, or any consent to a trial in his absence by the court and the prosecuting attorney.

Appellant states the trial court was without jurisdiction to declare a forfeiture of his bond and to enter judgment against him for the penal sum of the bond after the entry of a final judgment dismissing the information and discharging him. The record of April 6th, quoted supra, discloses that the entry of forfeiture and ordering the show cause writ of scire facias preceded the entry sustaining appellant's motion to dismiss and discharging appellant from the criminal charge.

■ Appellant cites State v. Carson, 323 Mo. 46, 18 S.W.2d 457, 459, and

State v. Hughes, Mo.App., 223 S.W.2d 106, 107, 109 [8]. Under § 547.210, when an indictment or information is adjudged insufficient, the court, in proper circumstances, "may cause the defendant to be committed or recognized to answer a new indictment or information." The trial court in the Hughes case sustained defendant's motion to quash the information and ordered that "'the defendant be discharged and go hence without day.'" The State then appealed. The appellate court quoted and applied observations made in the Carson case, including the following: "'If the judgment is final in favor of the defendant, he is discharged. Then how could the court cause him "to be committed or recognized to answer a new information or indictment?" *The court has lost jurisdiction over him. * * *'* (Emphasis ours.)"; and, the State's appeal having been taken after the entry discharging the defendant, dismissed the appeal because the trial court had lost jurisdiction over the defendant. The defendant in the Carson case was granted a new trial after a verdict of guilty on the ground the information was insufficient, and upon the State's appeal the court found the information sufficient, reversed the order of the trial court, and remanded the case with directions to overrule the motion for new trial and reinstate the verdict. Under Sup. Ct.R. 28.04 (§§ 547.200 and 547.210) the State is authorized to appeal "when, prior to judgment" the indictment or information is adjudged insufficient. State v. Terrell, Mo., 303 S.W.2d 26 [1], citing cases and overruling the Hughes case, supra, insofar as in conflict therewith.

State v. Gross, Banc, 306 Mo. 1, 275 S.W. 769, held scire facias proceedings for the enforcement of forfeited bail bonds were civil actions, adopting the dissenting and overruling the majority opinion in State v. Wilson, Banc, 265 Mo. 1, 175 S.W. 603 [1], which held such proceedings were continuations of existing criminal actions. As stated in State v. Haverstick, Mo., 326 S.W.2d loc. cit. 96, 97 (quoting State v.

Wynne, 238 Mo.App. 436, 181 S.W.2d 781, 783): "'It is in no sense a continuation of the criminal proceeding in which the bail bond was given. The guilt or innocence, conviction or acquittal of the person criminally charged is not the basis of forfeiture.'" The Hughes and Carson cases differ from this case in that each was a continuation, an appeal, in the original criminal proceedings. They are not controlling in this civil action for the enforcement of the forfeiture of appellant's cash bail.

Appellant also contends that he "was never properly charged with a crime because the information filed in the case was totally insufficient, and since the statute of limitations had, at the time appellant was required to enter into the recognizance, barred the filing of any new information (all of which is shown by the record), he was unlawfully held and the giving of the recognizance was without consideration and the recognizance is therefore void."

The trial court sustained appellant's "Motion to Dismiss" on the ground the information was insufficient under the rulings in State v. McCloud, Mo.App., 313 S.W.2d 177, and State v. Cook, Mo.App., 322 S.W.2d 596, cases cited by appellant. Appellant also cites State v. Haverstick, Mo., 326 S.W.2d 92, 98 [7], and State v. Fleming, 240 Mo.App. 1208, 227 S.W.2d 106, 111.

In the Haverstick case an affidavit for a state warrant was filed June 11, 1953, charging defendant with eight forgeries, felonies, committed May 15, 1953; but defendant, an inmate of the penitentiary, was not arrested to answer said offenses until November 16, 1956, when, we understand, he furnished a recognizance for his preliminary hearing. Upon defendant's failing to appear at his preliminary hearing, his default was entered of record and a transcript of the proceedings was transmitted to the circuit court. His arrest was more than three years after the commission of

the felonies and, no indictment or information having been filed, the prosecution was barred under § 541.200. In those circumstances, the State having been deprived of no legal right under the recognizance, it being without consideration, the court held defendant's surety was not liable on the recognizance.

The Fleming case involved proceedings against an escapee from the Arkansas Penitentiary, a fugitive from justice. Fleming was held in custody three days awaiting a complaint and thereafter for fifteen days without any proper warrant based on the complaint filed. His recognizance was furnished while these conditions existed. The evidence established that the warrant was not signed by the magistrate as required by § 548.060, but by the "Clerk of the Magistrate Court." It was held that defendant was not in lawful custody at the time the recognizance was executed; that the magistrate was without authority to require a recognizance for defendant's appearance, and that said recognizance was null and void.

The case at bar is a civil proceeding and not a continuation of the criminal case against appellant (State v. Gross, supra). It has been pointed out, where the recognizance is conditioned upon the accused's not departing the court without leave, that the insufficiency of an indictment or the guilt or innocence, conviction or acquittal of the accused is not determinative of the validity of the forfeiture of an appearance bond, nor is the validity of the indictment to be inquired into in a proceeding to enforce the forfeiture. State v. Haverstick, Mo., 326 S.W.2d 92, 96 [3, 4], citing authority. See also State v. Poston, 63 Mo. 521, 522 (stating: "The indictment was in all probability fatally defective, but this makes no difference * * *"); Bail, 6 Am.Jur. 128, § 161; 8 C.J.S. Bail § 97, p. 194.

 No person is to be prosecuted for a misdemeanor "unless the indictment be found or prosecution be instituted within one year after the commission of the offense, or incurring the fine or forfeiture." § 541.210. The deposit of the $1,500 cash and filing of the recognizance on December 11, 1959, was a little over fifteen months after the alleged commission on September 7, 1958, of the offense charged against appellant. However, § 541.230 provides: "When an indictment or prosecution shall be quashed, set aside or reversed, the time during which the same was pending shall not be computed as part of the time of the limitation prescribed for the offense." Under the facts of this record, if we consider only the amended information filed about seven months after the commission of the offense, the trial and conviction thereunder and the granting of a new trial for error in an instruction, and the execution of appellant's recognizance while said information was pending, the one-year statute of limitation was tolled and had not barred the prosecution of appellant, and a sufficient consideration existed for the execution of appellant's recognizance, and appellant was not being illegally held as were the defendants in the Haverstick and Fleming cases.

 Appellant claims the transcript is insufficient to sustain the judgment. He first says the State never proved that he was ever charged with a crime, based, we understand, on the information eventually being held insufficient. The validity of a bail bond or recognizance for the appearance of an accused over whom the court has jurisdiction is not dependent on the sufficiency of the information filed. It is the duty of an accused to meet the conditions of his obligation to appear at least until the insufficiency of the charge is adjudicated. Appellant next claims the record does not show that the court ordered him to appear on March 30, 1960. A condition of his recognizance was that of appearing in court to answer to the charge against him on February 1, 1960, and "not thence to depart without leave." Appellant does not undertake to show why the entry of March 30, 1960, stating that the

case had theretofore been set for trial on March 30, 1960, and that he failed to appear on said date is insufficient. In his answer to the scire facias return, appellant stated: "Defendant admits that said purported criminal charge was set for hearing in the Circuit Court of Adair County on the thirtieth day of March, 1960." Finally, appellant says the State offered no evidence of facts showing that he failed to appear. The record entry of March 30, 1960, of defendant's failure to appear sufficiently establishes such fact. There is no showing of record that he was personally present at the time and appellant's defense as to his failure to appear is based on an appearance by his attorney being sufficient.

The foregoing disposes of all points presented by appellant.

The judgment is affirmed.

PER CURIAM.

The foregoing opinion by BOHLING, C., is adopted as the opinion of the court en Banc.

HYDE, C. J., and WESTHUES, EAGER, LEEDY, and HOLLINGSWORTH, JJ., concur.

STORCKMAN, J., dissents in separate opinion filed.

DALTON, J., dissents in separate opinion filed and concurs in dissenting opinion of STORCKMAN, J.

On Motion for Rehearing
or to Transfer Cause to Court en Banc

PER CURIAM.

Appellant has filed a Motion for Rehearing or To Transfer The Cause to The Court En Banc.

Appellant breached the conditions of his bond on March 30, 1960, and this breach is established by the recital of record on said date reading: "Defendant fails to appear." Appellant's motion to dismiss was filed and argued on said March 30. Thereafter, April 6, the court again found that appellant failed to appear on March 30, and also found that the information was insufficient; ordered that appellant's recognizance be forfeited and a writ of scire facias issue to show cause why final judgment of forfeiture should not be entered; and, also, that appellant's motion to dismiss be sustained and appellant discharged. Then, on April 15, 1960, the interlocutory judgment of forfeiture of April 6 was made final and absolute. Appellant says this judgment of April 15, 1960, was of no force and effect because the court lost jurisdiction over appellant upon his discharge on April 6.

Appellant's position might be well taken if the bail forfeiture proceeding be a part of or a continuation of the criminal case.

"A bail bond is a contract between the government, on the one side, and the principal and sureties, on the other." 6 Am.Jur. (Rev.Ed.) 89, § 61. A scire facias proceeding to enforce the forfeiture of a bail bond in a criminal case is not a continuation of the criminal case (State v. Haverstick, Mo., 326 S.W.2d 92, 96, 97), but is "a civil action, because the bond was the result of a contract and in no sense involved a crime" (State v. Gross, Banc, 306 Mo. 1, 2, 275 S.W. 769).

State v. Haverstick, supra, 326 S.W.2d 95, 96, points out certain defenses available in Missouri in scire facias proceedings for the forfeiture of bail bonds, as well as certain defenses not available in such proceedings, and among the defenses not available are the insufficiency or the invalidity of an information or indictment, including its failure to inform the accused of the nature and cause of the accusation against him. State v. Livingston, 117 Mo. 627, 23 S.W. 766; State v. Boehm, 184 Mo. 201, 204, 83 S.W. 477, 478, quoting authority. See also State v. Hoeffner, 68 Mo.App. 164.

Appellant's bond was conditioned, in part, that he appear in court to answer said charge on February 1, 1960, *"not thence to depart without leave,"* and from time to time thereafter as required throughout the pendency of this action, for trial and all other proceedings therein, including final judgment and sentence. This conformed with Sup.Ct. Rule 32.05, V.A.M.R.

" 'The breach of the bond takes place when the defendant fails to report in court as required and the court enters that fact of record.' " State v. Haverstick, Mo., 326 S.W.2d 92, 97. This is in accord with § 544.640, reading: "If, without sufficient cause or excuse, the defendant fails to appear for trial or judgment, or upon any other occasion when his presence in court may be lawfully required, according to the condition of his recognizance, the court must direct the fact to be entered upon its minutes, and thereupon the recognizance is forfeited * * *." State v. Holtdorf, 61 Mo.App. 515, 520, after quoting the foregoing, states: "There is nothing in the foregoing section imposing on the court the duty of having either the accused or his bondsmen called. If the former fails to appear, and no sufficient cause or excuse is offered for his absence, it becomes the duty of the court to direct the default to be entered on its minutes, and the recognizance becomes immediately forfeited." Under the above authorities appellant breached his bail bond when he failed to appear on March 30, 1960; and said bond stood forfeited when the court made its entry of that fact on said date.

In McKensie v. Missouri Pacific Ry. Co., 24 Mo.App. 392, 395, the court quashed the indictments and discharged the accused but on the following day overruled a motion to discharge defendant and his sureties. No breach of defendant's bond was entered of record, and thus no reason existed for overruling said motion.

Missouri law may differ from that of some states. If scire facias proceedings are civil actions and not continuations of the criminal case, an accused has no right to decide for himself that he is entitled to a discharge although later that adjudication is made. Would appellant have been absolved of his breach of March 30 of his contract with the State had he appeared on April 6 and the court then ordered scire facias to show cause why a final judgment of forfeiture should not be entered and thereafter on said April 6 or later appellant had stood trial and was acquitted? We think not if courts are to continue to function in the administration of justice without delay. Appellant's breach of his bond was separate and distinct from any offense he might have committed, the insufficiency of an information attempting to charge the offense, or his acquittal thereof. His discharge and the loss of jurisdiction over him in the criminal proceedings should not divest the court of jurisdiction over the subject matter of the prior breach of his bond. To hold otherwise " 'is to substitute cause for effect; a ground of discharge for the actual discharge; a reason for absolving him from the recognizance for the absolution itself.' " Commonwealth v. Teevens, 143 Mass. 210, 9 N.E. 524, 525, 58 Am.Rep. 131. Appellant should have awaited the ruling of the court on his motion to quash.

Appellant's motion should be and is overruled on the presentation made.

The foregoing PER CURIAM opinion on motion for rehearing is adopted as the opinion of the court en Banc.

STORCKMAN, Judge (dissenting).

The essential question in this case, as I see it, is whether a final judgment forfeiting a bail bond is sufficiently supported by a judicial record which discloses that a forfeiture was not declared when the state contends the defendant's presence was required in court but seven days later on the same day and by the same order that dismissed the amended information *and discharged the defendant* and which record further discloses that the writ of scire

facia; was filed five days *after the defendant was discharged* and the final judgment of forfeiture was not entered until nine days *after the defendant was discharged.*

The ·state contends in its supplemental brief that the court retained jurisdiction over the breach of appellant's bond "after the information was held insufficient", citing State v. Haverstick, Mo., 326 S.W.2d 92, 96, 97; State v. Poston, 63 Mo. 521; and State v. Gross, 306 Mo. 1, 275 S.W. 769. These cases generally support the proposition that the insufficiency of an indictment alone does not constitute ground for relief of sureties from the failure of the principal to comply with the conditions of the recognizance, but neither the statement of the point nor the cases cited reach the question here involved, which is whether *the discharge of the defendant* by the court after a finding that the indictment was insufficient terminates jurisdiction or, in the alternative, constitutes a satisfaction of an alleged breach of the condition of the bond.

It is evident from the record that the defendant appeared at the term required and answered the information and eventually secured its dismissal. The first part of the bond goes to the obligation of the defendant "to answer the charge before the court." In my opinion the requirement that he shall not "depart such court without leave" is satisfied by the order of the court *discharging him* after finding the indictment insufficient. State v. Fillingham, 214 Mo. 368, 375, 113 S.W. 1057, holds that the purpose of the clause restricting the defendant's departure without leave was to bind the defendant not only to appear to answer the information filed but also any subsequent charge that might be brought against him. See also 8 C.J.S. Bail § 79d, p. 155.

McKensie v. Missouri Pac. Ry. Co., 24 Mo.App. 392, 395, states: "When, therefore, the court quashed the indictments and adjudged that the accused go hence without day, the recognizance was discharged and became *functus officio*, and the subse-quent order, overruling the motion to discharge the defendant and his sureties therefrom, was illegal and void. * * * The motion of the accused, for himself and his sureties, to be discharged from the recognizance, was a work of supererogation. They were already discharged, and that prosecution was ended."

The state has cited no authority in this state or elsewhere justifying the forfeiture of a bail bond after the court has *discharged the defendant* upon a finding that the indictment was insufficient. The statutory law and decisions seem to deny the right of forfeiture in these circumstances.

Unquestionably, the general rule is that the discharge of the defendant in a criminal case satisfies the recognizance and releases the principal and his sureties.

6 Am.Jur. 129, Bail annd Recognizance, § 165, states: "The general rule is that liability on a bail bond or recognizance is discharged by a vacation or quashing of the indictment on motion of the defendant, *at least where a discharge of the accused is ordered.*" Italics added. In the same volume and title, § 170, p. 131, further states: "A final discharge of the prisoner by the court releases the surety, since there is no longer any need of keeping the prisoner in custody. Under this rule, it has been held that the sureties cannot be held liable for non-appearance of the accused upon being called back at a subsequent date. Moreover, a subsequent reversal of the judgment discharging the defendant does not revive the surety's liability."

L.R.A.1916F, pp. 367–368, states: "Of course, a final discharge of the prisoner by the court or an acquittal by the jury releases the surety, since there is no longer any need of keeping the prisoner in the custody of anyone."

The annotation in 20 A.L.R. 594, 596, states the general rule as follows: "But as the sole purpose of a bail bond or recognizance is to secure the enlargement of the principal, and its effect is to place him in

the custody of his bail, who are under the duty of producing him before the court to answer the charge against him, it may be generally stated, as will appear from a consideration of the following cases hereinafter set out in this annotation, that *the liability of his sureties terminates at any stage of the proceedings at which the prosecution is ended by the discharge of the defendant by the court. * * *.*" Italics added.

Supreme Court Rule 32.12 also expresses the idea that the prosecution must be pending in order to hold the sureties liable. The rule provides that by entering into the bond the obligors submit to the jurisdiction of the court in which the defendant is required to appear and "in which a prosecution is or may be pending against the defendant". When the prosecution is no longer pending, the jurisdiction over the sureties as well as the defendant must be extinguished.

In State v. Cobb, 44 Mo.App. 375, 377, the question was whether a provision in a bail bond for the payment of any fine adjudged, as well as assuring the defendant's appearance to answer the charge, was enforceable in a statutory proceeding on the bond. The court held: "Nor does any statutory authority exist for forfeiting such a recognizance after the prisoner has been discharged *from his original custody* by the judgment of the court upon his trial; and this takes place when he is sentenced to pay a pecuniary fine without imprisonment."

The general rule certainly is in keeping with § 544.450 providing that a recognizance shall be taken for the defendant's appearance to answer the charge and "to abide sentence and judgment therein" and thereupon the defendant "shall be discharged." It is also in harmony with § 544.640 which outlines the statutory procedure for forfeiture by scire facias and Supreme Court Rule 32.12.

The question then arises whether there is an exception to the general rule when a forfeiture is declared and a scire facias is ordered issue at the same time and in the same order by which the information is dismissed and the defendant discharged.

It must be kept in mind that this is not a case such as State v. Henderson, 356 Mo. 1072, 204 S.W.2d 774, where the record affirmatively shows that the presence of the defendant was required in that the trial of the case was delayed for a period of thirty or forty minutes because of defendant's absence and the forfeiture of the bond was promptly declared. The only action taken in this case on March 30, 1960, was the argument and submission of the motion to dismiss the information. The transcript does not show that the case was called for trial. If the presence of the defendant was required, it does not affirmatively appear from the record. The record does not show that the defendant was called for any purpose. It only shows a notation that the defendant did not appear. Apparently the notation was not called to anyone's attention unless it was made pursuant to the state's motion filed the following day which made that specific request. If the notation was already on the docket, then that part of the motion was superfluous. Moreover, the court did not decide to declare a forfeiture until seven days later when it also dismissed the information and discharged the defendant. The sequence of events was most unusual and out of keeping with a situation in which the defendant was required to appear personally and the court was concerned and affronted by his failure to do so.

The case most nearly ruling the question here involved is that of Bell v. State, 79 Tex.Cr.R. 407, 186 S.W. 328, 331 [4], which, like this one, was a proceeding by scire facias to forfeit a bail bond. After furnishing bond and filing a motion to quash the indictment, the defendant disappeared leaving the conduct of the litigation to his attorneys. The court held that a judgment forfeiting bail for failure of the defendant to appear should be set aside where the state by its demurrer admitted that the indictment against the defendant had been

·quashed before the judgment of forfeiture was entered. In Dunn v. State, 121 Tex. Cr.R. 30, 53 S.W.2d 307, 309 [3], the final judgment of forfeiture was entered before the indictment was quashed and it was thereby distinguished from the Bell case.

A writ of scire facias filed in the criminal case is the proceeding here employed; it is the method provided by statute. Section 544.650. As stated in State v. Kelly, 318 Mo. 1134, 2 S.W.2d 750, 752, and since approved in State v. Wynne, 238 Mo.App. 436, 181 S.W.2d 781, 783, and State v. Haverstick, Mo., 326 S.W.2d 92, 96: "The writ of scire facias is not an original writ by which litigation can be initiated; it only marks a stage in litigation already commenced. It is founded on the record of the court that issues it, and must rely on the record of that court for its support." The validity of the forfeiture ordered on April 6, 1960, and made "absolute and final" on April 15, 1960, must find its support in the record of the criminal case.

The statements to the effect that the forfeiture proceedings are civil in nature are usually found in cases dealing with the applicable rules of evidence and procedure and particularly the jurisdiction of the courts, such as whether jurisdiction is in the supreme court on appeal or in one of the courts of appeal, State v. Gross, 306 Mo. 1, 275 S.W. 769, or whether one division of the Circuit Court of Jackson County can determine the forfeiture proceeding and another division the criminal case, State v. Wynne, 238 Mo.App. 436, 181 S.W.2d 781, 783 [6–8]. The majority opinion is misleading in that it tends to establish that such a case is a wholly independent contract action. This cannot be because the statutes and the very nature of a writ of scire facias tie the forfeiture proceedings into the record made in the criminal case.

The majority opinion attaches considerable significance to the fact that "the entry of forfeiture and ordering the show cause writ of scire facias preceded the entry sustaining appellant's motion to dismiss and discharging appellant from the criminal charge." This is without legal effect because the declaration of forfeiture and the discharge of the defendant were but parts of one order. This court on occasions has refused to take note of fractions of days in determining the priority of orders and judgments. Inclusion of both these items in the same order simply points up the contradictory and inconsistent actions. The discharge of the defendant is paramount; it ·satisfies the bond and renders futile the attempt to enforce a forfeiture.

If the right to forfeit a bail bond can be preserved by a declaration made on the same day and in the same order by which the defendant is discharged, then what is to prevent the state from declaring a forfeiture a week, a month, or a year after the defendant is discharged? If a simple notation on the judge's docket that the defendant did not appear is sufficient to give rise to a wholly independent action which survives the judgment discharging the defendant, then there appears to be no reason why the forfeiture proceedings could not be instituted any time within the statutory limit for actions on bonds.

The majority decision is not only contrary to decision law as shown by the authorities cited but is also contrary to statutory provisions regarding forfeitures. It would have the effect of denying express statutory rights of sureties. Under § 544.-610 RSMo 1959, V.A.M.S., the liability of bailors may now be discharged as follows: "The bailor at any time *before final judgment against him upon a forfeited recognizance,* may surrender his principal in open court or to the sheriff; and upon the payment of all costs occasioned by the forfeiture, and all costs that may accrue at the term to which the prisoner was recognized to appear, *may thereupon be discharged from any further liability upon the recognizance.*" Italics added. To the same effect see also Supreme Court Rule 32.11.

Under this section, if the defendant surrenders or is produced by his bondsmen before final judgment on the recognizance, it is *mandatory* that the bailor be released on payment of costs. In State v. Wynne, 356 Mo. 1095, 204 S.W.2d 927, 932 [14], this court stated: "Reading the three sections together, we come to these conclusions: under Section 3970 [now § 544.610] if the accused voluntarily surrender or is produced by the bailor before final judgment on the recognizance, the bailor, *as of right,* must be released on payment of the costs; under Section 3973, [now § 544.640] even though the accused is not produced, or is produced by peace officers and not by the bailor, the court may for cause remit the penalty upon payment of the costs; * *." Italics added.

A defendant bailed upon the recognizance of his sureties is in the custody of his bondsmen as well as the custody of the law. The court through its officers may in a proper case re-arrest the defendant; and the sureties, under the express provisions of § 544.610, may deliver their principal into custody. State v. Hyde, 234 Mo. 200, 136 S.W. 316, 334 [33]. But, if the defendant has been discharged by the court prior to the final judgment on the forfeited bond, how can a surety avail himself of his rights under this statute? He is no longer in the custody of his bondsman or the law. Neither the surety, the sheriff, nor anyone else would have the right to seize the defendant and bring him into a court from which he has been discharged. If arrested, he would be entitled to be released on habeas corpus.

If the bond in this case had been signed by a personal or corporate surety instead of being guaranteed by cash bail, it would be quite clear that the state would not be entitled to judgment if the surety, in his answer to the scire facias, pleaded the dismissal of the information and the discharge of the defendant, the principal in the bond.

The result which the state seeks to achieve in the present case is wholly unnec- essary to the proper administration of justice. To condone it would tend to create great uncertainty as to when liability on a bail bond is terminated. As we have seen, the discharge of the sureties on the bond has been a necessary incident of the discharge of the principal in the criminal case and I think it should continue to be so regarded.

In this case, as in any other case where the court or prosecutor is seriously concerned about the failure of a defendant to appear, the order discharging the accused could have been postponed until such time as the forfeiture was prosecuted to final judgment. That would enable all concerned to protect their rights as provided by law.

There is no contention that a deposit of cash bail should be treated differently than a case where a recognizance with sureties is furnished. As stated in State v. Hinojosa, 364 Mo. 1039, 271 S.W.2d 522, 524; "Recognizances are not taken to enrich the treasury. They rest in humanity to an accused, and their obvious and main purpose is the enforcement of the criminal laws that defendant appear for trial or sentence."

Other points were preserved and raised on appeal, but the one discussed above seems so compelling that the others need not be considered. For this reason I respectfully dissent. I would reverse the judgment and remand the cause with directions to find for the defendant on the issues made by the writ of scire facias and the answers thereto.

DALTON, Judge (dissenting).

I concur in the dissenting opinion of STORCKMAN, J., and wish to add one further point.

While the case was set for trial on March 30, 1960, and on that date a notation appears on the record that defendant failed to appear, nevertheless on the same date the record shows that a motion to dismiss was

permitted to be filed and apparently this was done without objection, since no protest appears in the record. Arguments were heard and the motion was taken under advisement.

The offense attempted to be stated in the information was only a misdemeanor and, since the motion to dismiss was permitted to be filed, argued, and taken under advisement by the court, the cause was not reached for trial. Defendant's failure, if any, to personally appear was not raised by the State or by the court as a bar to any further proceedings in the cause, after the entry was made that defendant failed to appear. Even if defendant was not personally present he was personally represented by counsel and proceedings were permitted to be handled in exactly the same manner as if the defendant were personally present. On this record the State waived defendant's failure to personally appear.

Further, it seems that the notation of defendant's failure to appear and the record entries as to the filing, hearing, and submission of a motion on defendant's behalf to dismiss the information were clearly inconsistent, if not actually conflicting, entries. On March 30, 1960, the defendant was not called on his bond nor was any request then made for the forfeiture of his bond nor were proceedings for forfeiture entered prior to further proceedings in the cause and we think these facts clearly show that defendant's failure to personally appear was waived by the State.

The motion for the forfeiture of defendant's bond was not filed until March 31, 1960, which was after the motion to dismiss was taken under advisement. In other words, the motion to forfeit the bond was filed after defendant's failure to appear had been waived by the State and his motion to dismiss had been filed and heard.

As shown by the record, both the motion to dismiss and the motion for bond forfeiture were subsequently continued until April 6, 1960, when further inconsistent entries were made, to wit, the bond for-

feiture was attempted to be ordered and the information dismissed and defendant discharged.

I would reverse the judgment.