STATE OF MISSOURI, Respondent, v. JOHN HOLTDORF *et al.*, Appellants.

### St. Louis Court of Appeals, March 26, 1895.

1. **Criminal Law**: ENFORCEMENT OF RECOGNIZANCE: PLACE OF COMMISSION OF CRIME. A burglary was committed in the county of St. Louis. One H., who resided in the city of St. Louis, went to the place of the crime, reconnoitered the premises and reported the results to the persons who afterwards committed the burglary, and subsequently he secreted the plunder at his residence. Thereafter he was arrested in the county of St. Louis on the charge that he was an accessory before the fact, and gave his recognizance for his appearance. *Held*, in proceedings for the enforcement of that recognizance, that these facts tended to show the commission in St. Louis county of the charge against him, and accordingly that he was properly arrested and committed in that county.

2. ———: ———: STATEMENT OF OFFENSE. The recognizance in this case described the offense, but failed to show how H. was held. The answer in the proceedings for the enforcement of it, however, admitted that H. was arrested under an information filed before a justice of the peace charging him with being such accessory; that he had a preliminary examination, was bound over and was committed to jail for want of bail; and that he subsequently gave the recognizance sought to be enforced for his appearance. *Held*, that the objection, that the recognizance failed to show that he was legally accused of an offense, was without merit, especially under the admissions of the answer.

3. ——: ——: PRESUMPTIONS OF REGULARITY OF PROCEEDINGS. When it appears from the record that an accused was legally arrested and lawfully committed to jail in default of bail, and that he subsequently entered into a recognizance for his appearance, it will be presumed, if the record be silent on the subject, that the recognizance was taken on his application, and that the proceedings were regular. Accordingly, when the recognizance has been taken by the judge of the probate court of the county, it will be presumed that the judge of the court having criminal jurisdiction was absent from the county at the time.

4. Forfeiture of Recognizance : CALLING OF PARTIES. If a defendant who has duly given a recognizance for his appearance fails to appear in court at a time when his presence is properly required, and no sufficient excuse for his absence is offered, it is the duty of the court to direct the default to be entered on its minutes, and thereupon the recognizance immediately becomes forfeited. It is not essential that the entry of the forfeiture should show that the defendant or his bondsmen were thrice called; nor, indeed, does the statute impose on the court the duty of having them called at all.

*Appeal from the St. Louis County Circuit Court.*—HON. RUDOLPH HIRZEL, Judge.

AFFIRMED.

*John A. Gilliam* for appellants.

No brief filed for respondent.

BIGGS, J.—This is a proceeding by *scire facias* on a forfeited recognizance in a criminal case. The defendant Holtdorf was proceeded against by information before a justice of the peace of St. Louis county, and was charged with being an accessory to a burglary and larceny, which was alleged to have been committed in that county. There was a preliminary examination and commitment by the magistrate, and, in default of a bail bond, which was fixed by the justice at $1,000, he was committed to the jail of the county. Subsequently he appeared before the judge of the probate court of the county, and entered into a

. recognizance with his codefendants as sureties, conditioned that he would appear before the circuit court of the county on the eighth day of May, 1893, to answer to the charge preferred against him, and not depart the court without leave. At the next term of the circuit court of the county, which was begun and held on the eighth day of May, 1893, the grand jury returned into court an indictment against him, charging him with the crime stated in the information. On May 23, he having failed to appear, a forfeiture of the recognizance was entered, and a *scire facias* ordered to be issued, which was duly served on the sureties. No service having been obtained on Holtdorf, the proceeding was dismissed as to him.

The sureties appeared and defended on the grounds that the magistrate acted without authority in the commitment of Holtdorf; that, in admitting him to bail and in taking the recognizance, the judge of the probate court also acted without authority, and that the forfeiture of the recognizance was improvidently and unlawfully taken against them.

The issues were found by the court against the sureties, and judgment was entered accordingly. From that judgment they have appealed to this court.

It has been held, and properly so, that a recognizance given by one in custody under an illegal warrant or commitment, is involuntary, and can not be enforced. *State v. Swope*, 72 Mo. 399. On this point the contention of the sureties is that the evidence taken by the magistrate at the preliminary hearing showed conclusively that whatever Holtdorf did in aid of the commission of the alleged burglary, was done in the city of St. Louis, and that the commitment was, therefore, unauthorized.

There was evidence before the justice which tended to show that, on the day before the burglary was

committed, Holtdorf went to the scene of the robbery for the purpose of reconnoitering the premises; that he returned to the city of St. Louis, and reported to the persons who subsequently committed the burglary the situation of the premises and the contents of the house; that, on the next night, the house was looted and the stolen plunder secreted in the house where Holtdorf lived. This evidence tended to prove that Holtdorf was guilty as charged in the information, and that he committed the offense in St. Louis county. The point will, therefore, be ruled against the defendants.

The argument in support of the second defense is that there is nothing in the record to show that Holtdorf was brought before the judge of the probate court, and that it nowhere appears that at the time the recognizance was taken the judge of the circuit court of the county was absent therefrom.

The authority of the judge of the probate court to take the recognizance in question is to be found in the following section of the statute: "Whenever any person shall be committed to jail on a warrant of commitment by any magistrate for a bailable offense, the recognizance, with proper security, may be taken by the court or judge of the court having criminal jurisdiction, and, in case of the absence of the judge of such court having criminal jurisdiction from the county, such recognizance may be taken by any judge or justice of the county court, or any judge of a court of record." R. S. 1889, sec. 4049.

The record shows that Holtdorf was legally arrested, and, as we have shown, he was lawfully committed to jail in default of bail. The recognizance shows that he was released, and that he and his sureties contracted that he would appear on the first day of the next regular term of the circuit court to answer to the charge

preferred against him, and that he would not depart the court without leave. The details of the proceeding need not necessarily appear. It will be presumed that the recognizance was taken on his application, and that it was done regularly. It will also be presumed, in the absence of testimony to the contrary, that the judge of the circuit court of the county was absent from the county. These questions have been substantially passed on and settled by the supreme court in the case of *State v. Rogers*, 36 Mo. 138. There the court approved of the following statement of the law by Judge BRONSON of the supreme court of New York: "When the recognizance has a condition to do some act, for the doing of which such an obligation may be properly taken, and the officer before whom it was acknowledged had authority by law in cases of that general description, I think the recognizance is valid, although it does not recite the special circumstances under which it was taken; and, in declaring upon such a recognizance, I do not think it necessary to aver the existence of the particular facts which prove that the officer had authority to take it."

In the subsequent case of *State v. Woolery*, 39 Mo. 525, the supreme court again had the subject under consideration. There the accused was admitted to bail by a justice of the county court, and the record failed to show any of the proceedings upon the application for bail. The court held that the presumption obtained that all the necessary steps were taken in order to authorize the officer to act in the matter, and that he was authorized under the existing facts to take and approve the recognizance. This case answers directly the objections of the defendants that the absence of the judge of the circuit court from the county must affirmatively appear by the record, and that no presumptions of regularity or right action could be indulged

in support of the actions of a judge of an inferior or statutory court. This assignment will, likewise, be ruled against the defendants.

The third defense is that the judgment entry of forfeiture does not show that the defendants were three times called. The entry is that Holtdorf was three times called, and that the defendants were called. In entries of judgments by default the recital is very common, that the defendant was three times called, but we know of no law requiring this to be done. The service of the notice or summons, as required, is sufficient to bring the defendant into court, where he is presumed to remain until his case is tried or otherwise disposed of for the term. The statute governing forfeitures of recognizances provides as follows: "If, without sufficient cause or excuse, the defendant fails to appear for trial or judgment, or upon any other occasion when his presence in court may be lawfully required, according to the condition of his recognizance, the court must direct the fact to be entered upon its minutes, and thereupon the recognizance is forfeited," etc. (R. S. 1889, sec. 4134.) There is nothing in the foregoing section imposing on the court the duty of having either the accused or his bondsmen called. If the former fails to appear, and no sufficient cause or excuse is offered for his absence, it becomes the duty of the court to direct the default to be entered on its minutes, and the recognizance becomes immediately forfeited.

Lastly, it is argued that the recognizance fails to show that Holtdorf was legally accused of an offense. The recognizance described the offense, but it fails to state how Holtdorf was held. This objection is without merit, especially under the admissions in the answer of the defendants. This pleading admits that Holtdorf was arrested under an information filed with a justice of the peace, charging him with being an acces-

sory before the fact to a burglary; that he had a pre-
liminary examination before the magistrate; that he
was bound over and committed to jail for want of a
bail bond; that afterward the recognizance in question
was taken by the judge of the probate court, and that
by its terms Holtdorf was required to appear on the
first day of the next term of the circuit court to answer
the charge against him, and not to depart the court
without leave. *State v. Heed*, 62 Mo. 559.

Finding no error in the record, the judgment of
the circuit court will be affirmed. All the judges con-
cur.