STATE of Missouri, Respondent,

v.

Vernon HENDERSON, Defendant,

and

Midland Insurance Company, Surety Jules Gold, Attorney In Fact For Midland Insurance Company, Appellants.

STATE of Missouri, Respondent,

v.

Vernon HENDERSON, Defendant,

and

Midland Insurance Company, Surety-Appellant.

Nos. 9578, 9585.

Missouri Court of Appeals, Springfield District.

June 3, 1974.

John C. Danforth, Atty. Gen., G. Michael O'Neal, Asst. Atty. Gen., Jefferson City, for respondent.

No appearance for defendant.

Jay V. White, Rolla, for surety-appellant and appellants.

BILLINGS, Judge.

This is a bond forfeiture case. Midland Insurance Company, as surety on defendant Vernon Henderson's appearance bond in a criminal case and its agent, Jules Gold, have lodged this appeal from the $25,000.00 judgment of default entered against them by the Circuit Court of Phelps County.[1] We affirm.

Two points are assigned by appellants as grounds for reversal. First, it is contended that the case in which Henderson was charged with the crime of bombing had not been "lawfully and officially set for trial by the Court" and consequently there was no lawful default by Henderson failing to

1. An earlier appeal was dismissed by this court because of lack of entry of record of the formal judgment. State v. Henderson, 493 S.W.2d 31 (Mo.App.1973).

appear pursuant to the terms and conditions of his bond. Secondly, appellants assert that the declaration of default and forfeiture were improper by reason of the failure of the sheriff or other authorized officer to "verbally or otherwise make any request that [Midland Insurance Company] bring the defendant Vernon Henderson into court and save the bond."

The evidence adduced at the hearing on the respondent's motion for judgment does not support appellants' first contention. Henderson was represented in his criminal case by Mr. Moomaw and Mr. Shaw. The record reflects that on January 17, 1972, the regular law day for Phelps County Circuit Court, the case was set for trial March 6, 1972, at the request of the prosecuting attorney. Mr. Moomaw had been notified by the prosecuting attorney prior to January 17 that the case would be set for a day certain on that law day. Mr. Moomaw acknowledged that he had received a letter from the prosecuting attorney under date of January 24 that Henderson's case had been set for trial on March 6; that he knew definitely and "officially" that his client's case was set for the last-mentioned date. Mr. Moomaw stated that he was unable to notify this client of the trial setting " . . . because I couldn't locate him." On March 6, 1972, Henderson failed to appear for his trial, although both of his attorneys were present.

■ From the record we conclude that Henderson's case was regularly and in orderly fashion set for trial on March 6, 1972, and that upon his failure to appear as required by the bond signed by him and the appellants the trial court, pursuant to Rule 32.12, V.A.M.R., properly declared a forfeiture of his bail. The fact that Midland's agent had no knowledge of the March 6th setting is of no consequence, there being no statute or rule requiring notice of a surety of a criminal defendant's trial date. The case of State v. Savage, 461 S.W.2d 887 (Mo. banc 1971), cited and relied upon by appellants is no authority for the proposition advanced and the point is denied.

■ In support of its second point the appellants argue that "An elementary rule of justice requires that the Sheriff or other designated officiating officer, 3 times in a loud audible voice call for the sureties to bring the defendant into Court and save his bond before any default on the bond is made." Although we are aware that such practice has been followed in some courts in days gone by the Rules of Criminal Procedure adopted by our Supreme Court and the applicable statutes do not make this a condition precedent to the court declaring a forfeiture of bail. Rule 32.12, V.A.M.R.; § 544.640, R.S.Mo.1969, V.A.M.S. Appellants' contention was fully and adequately answered, and rejected nearly a century ago in State v. Holtdorf, 61 Mo.App. 515, 520, as follows: "The third defense is that the judgment entry of forfeiture does not show that the defendants were three times called. The entry is that Holtdorf was three times called, and that the defendants were called. In entries of judgment by default the recital is very common, that the defendant was three times called, but we know of no law requiring this to be done. The service of the notice or summons, as required, is sufficient to bring the defendant into court, where he is presumed to remain until his case is tried or otherwise disposed of for the term. The statute governing forfeitures of recognizances provides as follows: 'If, without sufficient cause or excuse, the defendant fails to appear for trial or judgment, or upon any other occasion when his presence in court may be lawfully required, according to the conditions of his recognizance, the court must direct the fact to be entered upon its minutes, and thereupon the recognizance is forfeited,' etc. (R.S.1889, sec. 4134.) There is nothing in the foregoing section imposing on the court the duty of having either the accused or his bondsmen called. If the former fails to appear, and no sufficient cause or excuse is offered for his absence, it becomes the duty of the court to

direct the default to be entered on its minutes, and the recognizance becomes immediately forfeited." The ruling in *Holtdorf* was cited and approved by the Missouri Supreme Court in State v. Norton, 347 S. W.2d 849, 856 (Mo. banc 1961).

The judgment is affirmed.

HOGAN, C. J., and STONE and TITUS, JJ., concur.