**STATE of Missouri,
Plaintiff-Respondent,**

v.

**ALLIED FIDELITY INSURANCE CO.
(Surety for Bobby Charles
Ringwall), Appellant.**

**No. 51624.**

Missouri Court of Appeals,
Eastern District,
Division Two.

Nov. 12, 1986.

Larry G. Mittendorf, Union, for appellant.

David Bernard Tobben, Pros. Atty., Union, for plaintiff-respondent.

DOWD, Presiding Judge.

Allied Fidelity Insurance Company (hereinafter Surety) appeals from judgment and order of bond forfeiture in the amount of $4,500. We affirm.

On December 19, 1982, Bobby Charles Ringwall was arrested for driving while intoxicated in Franklin County, Missouri, (first offense), and was issued a Missouri Uniform Traffic Ticket. On December 20, 1982, Surety posted a $4,500 bond to gain defendant's release. When the defendant failed to appear on December 29, 1982, the return date of the bond, the bond was ordered forfeited and a capias warrant was issued. Defendant was allowed thirty days to show cause why the forfeiture should not be made absolute.

On January 18, 1983, defendant appeared in person and, as a result, the bond forfeiture was set aside, the warrant was recalled, and trial was set for February 16, 1983. At the request of defendant, the trial was continued to March 2, 1983, at which time defendant again failed to appear. Bond forfeiture was then ordered, a capias warrant was issued, and defendant was again given thirty days to show cause why the bond forfeiture should not be made absolute.

On August 13, 1985, the court ordered the bond forfeiture be made absolute. The parties agree that the court file does not reflect that notice of either the March 2, 1983 order or the August 13, 1985 order was ever sent to defendant or Surety. On October 4, 1985, Surety moved to set aside the August 13, 1985 order, which made the forfeiture absolute, on grounds it was not given notice of defendant's failure to appear. The court, on October 7, 1985, granted Surety's motion to set aside the bond forfeiture, taking notice of the fact that Surety was not provided a copy of the March 2, 1983 order which forfeited defendant's bond. The court then ordered that formal notice of defendant's nonappearance on March 2, 1983, be given to Surety and Surety was allowed until November 6, 1985 to show why forfeiture should not be made absolute.

The cause was continued until November 27, 1985, and again Surety was unable to produce defendant. The court allowed Surety until February 5, 1986 to produce defendant or show legal cause why forfeiture should not be made absolute. On February 6, 1986, Surety filed suggestions in opposition to the order of forfeiture. On February 7, 1986, however, Surety was still unable to produce defendant and the court ordered the forfeiture be made absolute.

Appellant Surety contends that it should be discharged and the bond forfeiture should be set aside because the Surety was not provided with adequate notice of the March 2, 1983 forfeiture, or any further proceeding thereon, until after August 13, 1985 and that the intervening lapse of two and one half years prejudiced and handicapped the Surety in its attempt to locate and produce the defendant. Appellant asserts that the procedures employed by the court did not conform to any applicable law, statute, or Supreme Court Rule.

■ A court is not required to give prior notice to a Surety before forfeiting a bond on defendant's failure to appear. *State v. Henderson,* 512 S.W.2d 218, 219 (Mo.App. 1974). To enter a final judgment on a bond forfeiture, however, there must be a further proceeding, and notice must be given to the Surety of that proceeding.

■ Two different procedures are available to proceed to final judgment on a bond forfeiture. Rule 33.14 provides a bond forfeiture may be enforced by motion. The motion is to be served on the clerk of the court who is to "forthwith" mail a copy of the motion and notice of a hearing to each

obligor of the bond. Under § 544.060, RSMo 1978, a bond forfeiture may be proceeded on to final judgment by a writ of scire facias, with service of the writ upon the obligor.

■ The purpose of the forfeiture procedures is to "notify the surety of the default of the principal and to afford them an opportunity to show cause why judgment should not be awarded against them." *State v. Earl*, 672 S.W.2d 694, 695 (Mo. App.1984). The procedures provided in Rule 33.14 and § 544.060 on entry of judgment of forfeiture should be followed. Failure to strictly adhere to the procedures, however, does not require overturning of the judgment where the irregularity of the proceeding resulted in no actual prejudice to the surety. *State v. Hammond*, 426 S.W.2d 84, 86 (Mo.1968).

The record does not reflect that a writ of scire facias was ever issued or that a motion for judgment was ever made. The procedure employed by the trial court was that of ordering forfeiture upon failure of defendant to appear, and then giving Surety thirty days to produce defendant or show just cause why the order of forfeiture should not be made absolute.

Surety was not given notice of the March 2, 1983 original order of forfeiture or the order of August 13, 1985 making the forfeiture absolute. The trial court, however, set aside the August 13, 1985 order of absolute forfeiture, effectively instituting the proceedings anew. On October 7, 1985, Surety was given formal notice of defendant's failure to appear on March 2, 1983. Surety, thereafter was given a four month period to either produce defendant or show legal cause why the forfeiture should not be made absolute.

■ Surety was given notice and an opportunity to be heard at a meaningful time, before the forfeiture was made absolute. The irregularity in the proceedings, failure of the court to proceed on a motion for judgment or by writ of scire facias, has not resulted in actual prejudice to Surety.

Nor do we find convincing appellant's contention that the two and one half year delay in giving notice of defendant's failure to appear on March 2, 1983, resulted in actual prejudice. The purpose behind the procedural requirement of notice is to insure that the surety has opportunity to defend its interests before the forfeiture becomes final. Any prejudice caused by failure to notify Surety of the March 2, 1983 order of forfeiture was cured by the court's setting aside of the order making the forfeiture absolute. Surety was thereafter given formal notice of defendant's failure to appear and through extensions was given a four month period to locate defendant before the forfeiture was ordered absolute.

Surety has offered no evidence showing that, had they been notified of defendant's failure to appear at the time of the original forfeiture, they would have been able to locate defendant. Prejudice is particularly hard to find in light of the ten year statutory period, accorded by Missouri law, in which an action to enforce a bond forfeiture may be brought. § 516.110, RSMo 1978; *State v. Virgilito*, 377 S.W.2d 361, 364 (Mo.1964). The State, therefore, could have postponed enforcing the forfeiture until the day before the statutory term expired, and no notice would be required until the motion for judgment was filed, conceivably ten years later.

Judgment affirmed.

REINHARD and CRIST, JJ., concur.