**STATE of Missouri, Plaintiff–Respondent,**

v.

**Willie TAYLOR, Defendant,**

and

**Willie Goss, Surety–Appellant.**

No. 67640.

Missouri Court of Appeals, Eastern District, Division One.

Nov. 21, 1995.

Frank R. Fabbri, III, Fabbri & Zotos, St. Louis, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Mary Moulton Bryan, Asst. Atty. Gen., Jefferson City, for respondent.

KAROHL, Judge.

Willie Goss (Surety) appeals dismissal of his motion to vacate a default judgment entered by the circuit court after this court declared a bond forfeiture on an appeal bond filed in *State v. Taylor,* 889 S.W.2d 124 (Mo. App.E.D.1994). The trial court dismissed the motion on the ground "it has no authority to act because of the December 19, 1994 mandate by the Missouri Court of Appeals, Eastern District." We reverse and remand. The trial court has jurisdiction to hear and decide the motion on the merits.

A jury found Willie Taylor guilty on two counts of possession of a controlled substance. The court sentenced Taylor to concurrent eight year terms. He appealed to this court. Goss, as surety, posted an appeal bond of $50,000 for Taylor. One term of the bond appointed the clerk of the circuit court and the clerk of this court as his agent(s) to receive "notices, motions, pleadings or process in connection with the forfeiture of this bond." We affirmed Taylor's conviction and sentence, and issued a warrant for his arrest. Taylor could not be found. The Chief Judge of this court issued an order declaring the bond forfeited and authorized the St. Louis Circuit Attorney to reduce the forfeiture to judgment in the circuit court.

The circuit attorney filed a "Motion for Judgment of Default of an Appeal Bond" [1] which was served on the circuit clerk as agent for Willie Taylor and Willie Goss "as provided in Supreme Court Rule 33.14 RSMo 1986." Goss alleges he was never served.

---

1. We assume the motion was intended only as a motion to reduce forfeiture to judgment after a hearing on the merits, or, if principal and surety failed to appear after notice then by default.

On December 16, 1994, the circuit court entered a default judgment against Taylor and Goss in the amount of $50,000. The day after the judgment was entered, a deputy circuit clerk notified Goss of the judgment. This is significant because it indicates the circuit clerk could have complied with the Rule 33.14 mandate to "forthwith mail a copy [of the motion to reduce forfeiture to judgment and notice of hearing] to each of the obligors." The clerk was served on December 14, 1994. Judgment was entered on December 16, 1994. On January 11, 1995, Goss filed a motion to vacate. The next day the court ruled it had no jurisdiction to consider allegations the judgment was jurisdictionally and procedurally defective.

We review only the question whether the court had jurisdiction to hear and decide the allegations in the motion to set aside. Goss contends a combination of acts of this court and the circuit court denied him due process. The state argues it complied with our bond forfeiture order and Rule 33.14. There is no contention the service was sufficient on grounds other than the rule. The state served the circuit clerk, not Goss. It argues this was all that was required. It does not contend the circuit clerk "forthwith" notified Goss of the motion for judgment on the bond and the time set for hearing.

We find the circuit court had jurisdiction to hear and decide the factual and legal issues in the motion to vacate. First, the order of the Chief Judge of this court did not and could not authorize a procedure to reduce the bond forfeiture to judgment except as provided by law. Accordingly, no act of this court, in the order on the bond or the mandate in the Willie Taylor case deprived the circuit court of jurisdiction to set aside a judgment on the bond forfeiture if it was entered without jurisdiction.

Second, service on the circuit clerk as agent for Goss, is the first of two acts required in Rule 33.14. The state complied with its duty but there is an issue whether the circuit clerk utilized her knowledge of

Goss's address and "forthwith" notified him of the state's motion and notice of hearing.

Two different procedures are available to proceed to final judgment on a bond forfeiture. Rule 33.14 provides a bond forfeiture may be enforced by motion. The motion is to be served on the clerk of the court who is to "forthwith" mail a copy of the motion and notice of a hearing to each obligor of the bond. Under § 544.060, RSMo 1978, a bond forfeiture may be proceeded on to final judgment by a writ of scire facias, with service of the writ upon the obligor.

The purpose of the forfeiture procedures is to "notify the surety of the default of the principal and to afford them an opportunity to show cause why judgment should not be awarded against them." *State v. Earl*, 672 S.W.2d 694, 695 (Mo.App.1984).

\*　\*　\*　\*　\*　\*

The purpose behind the procedural requirement of notice is to insure that the surety has opportunity to defend its interests before the forfeiture becomes final. *State v. Allied Fidelity Ins. Co.* 719 S.W.2d 507, 508–509 (Mo.App.1986).[2]

In this case there is nothing to support a finding the circuit clerk notified Goss prior to the December 16, 1994, hearing as mandated by Rule 33.14 when the state elected that procedure instead of following § 544.640 RSMo 1994. On remand this factual issue may be addressed by the parties and the court.

We reverse and remand to the trial court to hear and rule on surety's motion to vacate the default judgment on the bond forfeiture.

REINHARD, P.J., and RONNIE L. WHITE, Special Judge, concur.

---

**2.** The proper citation is § 544.640 RSMo 1978, which has not been revised since 1978. The cite was mistakenly written in the opinion as 544.060 RSMo 1978, but .060 pertains to an entirely unrelated subject, issuance of warrants by clerk upon indictment.