**STATE of Missouri, Respondent,**

v.

**Israel A. VELEZ and Gloria Hernandez, Defendants,**

and

**George D. Dodge, d/b/a Dodge Bail Bonds, Appellant.**

**Nos. 21837, 21838.**

Missouri Court of Appeals,
Southern District,
Division Two.

June 3, 1998.

W. Edward Reeves, Ward & Reeves, Caruthersville, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Daniel G. Cierpiot, Asst. Atty. Gen., Jefferson City, for respondent.

MONTGOMERY, Chief Judge.

George D. Dodge (Appellant) appeals from judgments ordering bond forfeitures. Appellant claims he was not given adequate notice of the bond forfeiture hearing prior to the entry of the judgments. We agree.

Appellant operates Dodge Bail Bonds, a business writing surety bonds for criminal defendants. On May 12, 1997, Israel A. Velez and Gloria Hernandez were charged with drug trafficking and possession of a controlled substance with the intent to distribute. Bond was set at $65,000 and $25,000, respectively. Appellant, as surety, posted both bonds.

On June 23, 1997, both defendants failed to appear in court. The trial court declared a bond forfeiture on each bond. The court issued capias warrants for the defendants and made a docket entry indicating "bondsman notified." On the same day the prosecutor filed a Bond Forfeiture Memo and a Motion for Judgment on Bond Forfeiture. The trial court set a hearing on the matter for 10 a.m. on July 7, 1997.

A hearing was held on that date. James Carter, a local bondsman with authority only to execute and deliver bonds for Appellant, appeared at the hearing. Matt Shetley, an attorney for Hernandez and Velez, appeared and requested more time to produce them. The trial court sustained the motions for bond forfeiture, entering "Judgment On Bond Forfeiture."

Appellant subsequently filed motions to reconsider or set aside the bond forfeiture judgments. An evidentiary hearing on these motions was held on July 28, 1997. At the hearing, Appellant and his son, Monty Dodge, testified in their capacity as owners of Dodge Bail Bonds. The State presented no evidence contradicting their testimony.

Monty Dodge claimed that he did not receive notice that the bonds on Hernandez and Velez had been ordered forfeited. He testified he received both notices of the July 7, 1997, hearing on the motions for bond forfeiture at 1 p.m. on that date. This was approximately three hours after the hearing was actually scheduled to begin. The notices came in an envelope postmarked July 2, 1997, and with a return address to the Pemiscot County Prosecuting Attorney's Office.

Monty Dodge further testified that James Carter is an independent contractor who has limited authority from Dodge Bail Bonds to write bonds. Carter had no other authority to act on Appellant's behalf. Monty Dodge did not discuss the July 7 hearing with Carter prior to its completion. He denied that Matt Shetley appeared at the hearing on behalf of Dodge Bail Bonds. Monty Dodge maintained that he was unaware the bonds had been ordered forfeited and that prior to July 7, 1997, he never received notice of the hearing on the motion for judgment on the forfeitures.

Appellant also testified that he received the hearing notices in the mail at 1 p.m. on July 7, 1997. Appellant testified he did not speak with Mr. Carter concerning "any actions that [Mr. Carter] took or knowledge [Mr. Carter] had relative to the pending bond forfeiture." The only thing Appellant discussed with Mr. Carter was the apprehension of the defendants. Appellant denied having any knowledge of the bond forfeitures or the subsequent hearing on the motions for judgment prior to that time.

On July 28, 1997, the trial court denied Appellant's motions to set aside the bond forfeiture judgments. This consolidated appeal followed.

Appellant's sole point on appeal asserts the trial court erred in entering judgments of bond forfeiture against Appellant, and in failing thereafter to set those judgments aside, because Appellant was not properly notified of the July 7, 1997, hearing as required by Rule 33.14 [1].

Rule 33.14 governs bond forfeitures and judgments thereon. In particular, Rule 33.14 provides:

> If there is a breach of a condition of a bond, the court in which the criminal case is pending may declare a forfeiture of the bond.... When a forfeiture has not been set aside, the court shall on motion enter a judgment of default and execution may

1. Unless otherwise noted, rule references are to Missouri Court Rules (1997).

issue thereon. By entering into a bond the obligors submit to the jurisdiction of the court in which the defendant is required to appear and irrevocably appoint the clerk of the court as their agent upon whom any papers affecting their liability may be served.... The motion and such notice of the hearing as the court prescribes may be served on the clerk of the court, who shall forthwith mail a copy to each of the obligors.

■ The rule essentially sets forth a two-step process to enter a judgment of bond forfeiture for failure to comply with the conditions of a bond. First, the court must enter an "order" of bond forfeiture upon failure of a defendant to appear. At this point, a court is not required to give a surety prior notice that it is forfeiting the bond. *See State v. Allied Fidelity Ins. Co.,* 719 S.W.2d 507, 508 (Mo.App.1986).

"To enter a final judgment on a bond forfeiture, however, there must be a further proceeding, and notice must be given to the Surety of that proceeding." *Id.* "The purpose of the forfeiture procedures is to 'notify the surety of the default of the principal and to afford them an opportunity to show cause why judgment should not be awarded against them.'" *State v. Taylor,* 910 S.W.2d 806, 807 (Mo.App.1995) (quoting *State v. Earl,* 672 S.W.2d 694, 695 (Mo.App.1984)).

Appellant does not argue the trial court erred when it ordered the bonds forfeited on June 23, 1997, when Hernandez and Velez failed to appear. Rather, Appellant complains he did not receive notice of the second step in the forfeiture process.

■ Appellant claims he did not receive notice of the July 7 hearing until that date. Nothing in the record suggests otherwise. Although the certificate of service attached to the "Motion for Judgment on Bond Forfeiture" states that the Pemiscot County Prosecuting Attorney mailed the pertinent documents to Appellant "pursuant to Rule 33.14 by serving the original and copy hereof upon the Circuit Clerk, Division I of this honorable Court," there is no evidence that the clerk ever mailed these documents to Appellant as required by Rule 33.14. Nothing in the rec-

ord suggests the clerk made the proper notification. *See Taylor,* 910 S.W.2d at 807. Appellant claims the only notification he received came from the office of the prosecuting attorney and did not arrive until the day of the hearing.

The State argues Appellant did have actual notice of the hearing and an opportunity to be heard because Appellant's agent, James Carter, and Attorney Matt Shetley, appeared at the hearing on Appellant's behalf. The State's argument is not supported by the record.

Appellant and Monty Dodge both denied that Carter appeared on behalf of Dodge Bail Bonds. They testified that they did not speak to Carter about the hearing prior to the date it was held. Both pointed out that Carter is an independent contractor with limited authority to act on behalf of Dodge Bail Bonds.

Included in the evidence presented at the hearing to set aside the bond forfeiture was a document denoted "POWER OF ATTORNEY" granting James Carter "[Dodge Bail Bond's] true and lawful attorney in fact to execute and deliver a bail bond only." There was no evidence suggesting Carter had any authority to appear on Appellant's behalf at the July 7 hearing.

Under similar circumstances, a judgment of bond forfeiture was reversed in *State v. Street,* 510 S.W.2d 225 (Mo.App.1974). There, the surety had no prior notice of the bond forfeiture hearing. However, the surety's local agent attended the hearing because she was at the courthouse "on another matter." In finding no valid judgment against the surety, the appellate court noted that "'an indispensable prerequisite to the lawful exercise of power by our courts is reasonable notice to parties whose interests are to be affected by the action of the court.'" *Id.* at 228 (quoting *In re Waters' Estate,* 153 S.W.2d 774, 775 (Mo.App.1941)). Regarding lack of notice to the surety, the court held that the local agent's "voluntary appearance" at the hearing could not "constitute a waiver of service sufficient to permit the rendition of a judgment on the bond." *Id.*

Finally, both Appellant and Monty Dodge denied hiring Mr. Shetly as their attorney. They also denied giving Mr. Carter the authority to hire an attorney on their behalf. The record supports their testimony. According to the docket sheet, no attorney entered an appearance for Appellant until after July 7, 1997.

Because Appellant did not receive proper notice of the July 7 hearing in accordance with the requirements of Rule 33.14, this consolidated appeal is well taken. The judgments of bond forfeiture are reversed, and the matter is remanded to the trial court for further proceedings.

PARRISH, P.J., and BARNEY, J., concur.