**STATE of Missouri, Respondent,**

v.

**Derrick GRESHAM, Appellant.**

**No. ED 80634.**

Missouri Court of Appeals,
Eastern District,
Division Two.

Dec. 10, 2002.

Motion for Rehearing and/or Transfer to Supreme Court Denied Jan. 27, 2003.

Application for Transfer Denied
March 4, 2003.

Raymund J. Capelovitch, Assistant Public Defender, St. Louis, MO, for appellant.

Jeremiah W. (Jay) Nixon, Attorney General, Stephanie Morrell, Asst. Attorney General, Jefferson City, MO, for respondent.

Before PAUL J. SIMON, P.J., and
GARY M. GAERTNER, SR. and
KATHIANNE KNAUP CRANE, JJ.

### *ORDER*

PER CURIAM.

Derrick Gresham (Gresham) appeals from the judgment entered following a jury verdict finding him guilty of second degree murder in violation of Section 565.021 RSMo 2000 (all further references herein shall be to RSMo 2000 unless otherwise noted) and armed criminal action in violation of Section 571.015. The trial court sentenced Gresham to concurrent terms of thirty years of imprisonment for murder and ten years of imprisonment for armed criminal action in the Missouri Department of Corrections.

On appeal, Gresham contends the trial court erred in refusing to: (1) submit Instruction A, a self-defense instruction for law enforcement officers based on MAI–CR3d 306.14, because the Notes on Use mandate giving the instruction when there is evidence to support it; and (2) allow trial counsel to cross-examine Dr. Phillip Burch, a medical examiner, on the effects cocaine can have on an individual's reactions and behavior because with self-defense at issue, the effect cocaine could have had on decedent's actions would have affected the prism through which the jury judged the reasonableness of Gresham's actions and would have led to an acquittal.

---

1. All statutory references are to RSMo 1994, unless otherwise indicated.

We have reviewed the briefs of the parties and the record on appeal and find no error of law. An extended opinion reciting detailed facts and restating principles of law would have no precedential value. We have, however, provided a memorandum for the use of the parties only setting forth the reasons for our decision. We affirm pursuant to Rule 84.16(b).