**STATE of Missouri, Respondent,**

v.

**Angela M. COOK, Defendant;**

**C & M Bonding, Inc., Appellant.**
**No. WD 60647.**

Missouri Court of Appeals,
Western District.

May 20, 2003.

---

Michael R. Anderson, Houston, MO, for Appellant.

Pamela K. Vestal, St. Joseph, MO, for Respondent.

Before LOWENSTEIN, P.J., SMART and HARDWICK, JJ.

LISA WHITE HARDWICK, Judge.

C & M Bonding, Inc. appeals the circuit court's denial of its motion to set aside a $10,000 bond forfeiture judgment. The surety alleges the judgment was improper because notice of the forfeiture hearing was sent only to its local agent, who did not have actual or apparent authority to appear on behalf of C & M Bonding. We affirm based on evidence in the record which supports the circuit court's determination of the agent's apparent authority.

### Factual and Procedural History

Charles and Mary Beth Schenecker, husband and wife, are bail bond agents licensed in Missouri to transact business for C & M Bonding, Inc. The Scheneckers are based in St. Joseph, Missouri and operate as independent contractors of C & M Bonding, whose corporate office is located in Houston, Missouri.

On December 16, 2000, Mrs. Schenecker posted a $10,000 surety bond for Angela Cook, a defendant charged with drug manufacturing, in the Circuit Court of Buchanan County. The bond posting was signed by Mrs. Schenecker and listed her post office address in St. Joseph. The bond also identified the surety as C & M Bonding and provided its Houston address. Attached to the bond was a Power of Attorney in which C & M Bonding authorized Mrs. Schenecker to execute the bond, in an amount not to exceed $10,000.

On May 17, 2001, Ms. Cook failed to appear for a motion hearing in connection with her charged offense. Upon the State's motion, the circuit court issued a warrant for Ms. Cook's arrest and forfeited her $10,000 bond. A *Writ of Scire Facia* was entered, directing C & M Bonding to show cause why the bond forfeiture

should not be made final. The court clerk sent notice of the forfeiture hearing to the Scheneckers' post office box in St. Joseph. Mr. Schenecker received the hearing notice but did not contact anyone at C & M Bonding's corporate office regarding the bond forfeiture proceedings.

On August 16 and 20, 2001, the court held a hearing on the State's Motion for Bond Forfeiture. Ms. Cook did not appear. Mr. Schenecker appeared on behalf of C & M Bonding[1] and testified that the surety was attempting to locate Ms. Cook. The court rejected Mr. Schenecker's request for additional time and, on August 20, 2001, entered final judgment on the $10,000 bond forfeiture.

Mr. Schenecker immediately notified C & M Bonding regarding the judgment. C & M Bonding retained counsel, Thomas Duty, and filed a Motion to Set Aside Bond Forfeiture on September 6, 2001 and then an amended motion on September 24, 2001. The amended motion alleged "procedural irregularities" pursuant to Rule 74.06(b)(3), in that no notice of the bond forfeiture proceedings was ever sent to the surety's corporate office in Houston. C & M Bonding argued the lack of notice denied it an opportunity to be heard as required by Rule 33.14.

After an evidentiary hearing on the motion, the circuit court determined the forfeiture hearing notice sent to the Scheneckers' address in St. Joseph was sufficient notice to C & M Bonding based on the apparent authority of Mr. Schenecker to act on the surety's behalf. The court noted that Mr. Schenecker had previously appeared and represented C & M Bonding's interests in other forfeiture proceedings. The court entered an order denying the Motion to Set Aside Bond Forfeiture.

### Points on Appeal

C & M Bonding raises four points on appeal, all contending the circuit court erroneously applied the law in denying the Motion to Set Aside Bond Forfeiture. In Points I and II, C & M Bonding argues it did not receive proper notice of the forfeiture proceedings and was thereby denied due process. In Points III and IV, C & M Bonding asserts the Power of Attorney limited the authority of its agents, the Scheneckers, and the court erred as a matter of law in determining that Mr. Schenecker had apparent authority to represent the surety's interest in the forfeiture proceedings. Because all four points are interrelated, they will be addressed together.

A motion to set aside a judgment is governed by the sound discretion of the trial court under Rule 74.06.[2] *State v. Goodrich*, 12 S.W.3d 770, 772 (Mo.App. W.D.2000). The Rule provides that a court can relieve a party from a final judgment that is irregular or void. Rule 74.06(b)(3–4). We will affirm an order denying a motion to set aside judgment unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law. *Id.* We must defer to the trial court's factual determinations, reviewing the evidence in a light most favorable to the court's decision and disregarding all contrary evidence. *King v. City of Independence*, 64 S.W.3d 335, 338 (Mo.App. W.D.2002). Questions of law, however, are reviewed *de novo. Goodrich*, 12 S.W.3d at 772.

---

1. At the forfeiture hearing on August 20, 2001, the court asked Mr. Schenecker: "... you are here on behalf of the bonding company because you posted bond on Ms. Cook, is that right?" Mr. Schenecker responded, "Yes your honor."

2. All rule citations are to the Missouri Rules of Procedure 2003, unless otherwise noted.

### Analysis

■■ Rule 33.14 sets forth a two-step process to enter a judgment of bond forfeiture. First, the court must enter an order of bond forfeiture upon failure of a defendant to appear. Rule 33.14. At this step, the court is not obligated to give the surety prior notice that it is forfeiting the bond. *State v. Velez*, 970 S.W.2d 386, 388 (Mo.App. S.D.1998).

■ The second step, which must occur before the surety is liable on the bond, involves a hearing to determine whether final judgment should be entered on the forfeiture. *Goodrich*, 12 S.W.3d at 772–773. The clerk of the court must give notice to "each of the obligors" of this hearing. Rule 33.14. The purpose of this forfeiture procedure is to notify the surety of the defendant's default and to afford it an opportunity to show cause why an adverse judgment should not be entered. *Velez*, 970 S.W.2d at 388.

There is no dispute in this case that the Scheneckers were authorized bonding agents of C & M Bonding. The issue on appeal is whether Mr. Schenecker had authority to receive notice of the forfeiture hearing as the agent of C & M Bonding and represent the surety's interests in the Cook proceeding. C & M Bonding argues that Mr. Schenecker's authority was expressly limited by the Power of Attorney, which only entitled the bonding agent to execute bonds in an amount not to exceed $10,000.[3] Relying on *State v. Velez*, 970 S.W.2d 386, C & M Bonding contends the court erred in allowing Mr. Schenecker to appear at the forfeiture hearing because the agent had no express authority to do anything more than post bonds on the surety's behalf.

The facts of *Velez* are similar to those at bar, with one key distinction. In *Velez*, the court clerk served notice of the bond forfeiture hearing only upon the surety's local agent. 970 S.W.2d at 388. The agent appeared at the hearing and final judgment was entered on the forfeiture. After the trial court denied a motion to set aside the judgment, the surety argued on appeal that the agent was not authorized to receive notice or appear on its behalf in the forfeiture proceeding because the Power of Attorney limited the agent's authority to "execute and deliver a bail bond only." *Id.* The appeals court agreed and reversed, setting aside the forfeiture judgment. *Id.* Notably, the appeals court held "[t]here was no evidence suggesting [the agent] had *any authority* to appear on [the surety's] behalf at the [forfeiture] hearing." *Id.* (emphasis added).

The *Velez* decision does not hold that notice to the surety's agent can never constitute notice to the surety for purposes of compliance with Rule 33.14. Rather, *Velez* recognizes that the validity of the court clerk's notice to the agent depends upon the extent of authority the surety has given the agent. If there is evidence the agent has actual or apparent authority to accept notice and appear at forfeiture hearings on behalf of the surety, then *Velez* does not preclude a finding that notice to the agent alone is sufficient to comply with the notice provisions of Rule 33.14.

■ In contrast to *Velez*, here the circuit court relied upon additional facts to indicate that Mr. Schenecker had "apparent authority" to represent C & M Bonding in the forfeiture proceedings despite the limited Power of Attorney. Apparent authority exists to the extent that it is reasonable for a third person dealing with

---

**3.** Although Mr. Schenecker was not identified as the authorized bonding agent in the subject Power of Attorney, C & M Bonding apparently considered Mr. & Mrs. Schenecker as co-agents authorized to execute a bond in Ms. Cook's case.

the agent to believe that the agent is authorized. *Dalton & Marberry, P.C. v. NationsBank, N.A.*, 982 S.W.2d 231, 235 (Mo. banc 1998). Apparent agency is further defined as: "[W]here a person, by his acts or conduct, has knowingly caused or permitted another to appear as his agent to the injury of a third person, who has dealt with the apparent agent in good faith and in the exercise of reasonable prudence, he will afterwards be estopped to deny the agency when the third person seeks to hold him to account." *State v. Delacruz*, 977 S.W.2d 95, 99 (Mo.App. S.D.1998). However, apparent authority cannot be created by acts of the supposed agent alone; the principal itself must have created the appearance of authority in order to be held liable. *Gray v. Builders Square, Inc.*, 943 S.W.2d 858, 861 (Mo.App. W.D. 1997). An apparent agency is created by acts or acquiescence of the purported principal. *Delacruz*, 977 S.W.2d at 99.

The record reflects substantial evidence to support the circuit court's determination that Mr. Schenecker had apparent authority to accept notice and appear on the surety's behalf in the Cook forfeiture proceedings. The Buchanan County circuit clerk testified that it was standard practice to send forfeiture hearing notices only to the surety's local agent and not to the corporate office. Mr. Schenecker had served as a licensed agent of C & M Bonding in Buchanan County for eight years preceding his involvement in the Cook case. He previously appeared on behalf of C & M Bonding in forfeiture proceedings and had done so as recently as two months preceding the hearing on the Motion to Set Aside the Bond Forfeiture Judgment. The president of C & M Bonding, Cody Ice, testified he was aware of Mr. Schenecker's involvement in the recent case and that Mr. Schenecker had retained the services of C & M Bonding's

attorney, Thomas Duty, to argue the prior forfeiture matter.

Based on this evidence, the circuit court determined that C & M Bonding was "estopped from denying the agency" because it had ratified Mr. Schenecker's past representative conduct. The court also declined to set aside the forfeiture judgment because it reasonably relied "in good faith and in the exercise of reasonable prudence" upon Mr. Schenecker's representation that he was the surety's lawful agent in the forfeiture proceedings. The court did not erroneously apply the law in concluding that Mr. Schenecker's oral affirmation and C & M Bonding's acquiescence in his conduct during prior proceedings was sufficient to establish the agent's apparent authority to represent the surety's interests.

 To challenge the finding of apparent authority, C & M Bonding argues the circuit court failed to properly consider the testimony of Cody Ice, President of C & M Bonding, that Mr. Schenecker was never authorized to appear at the Cook forfeiture hearing on behalf of the surety. We are mindful that the trial court was free to believe none, all, or part of any witness' testimony. *Delacruz*, 977 S.W.2d at 98. An appellate court must assume the trial court believed the testimony consistent with its judgment. *Id.* Where there is conflicting evidence about the existence of an agency relationship or the extent of the agent's authority, the issue is a factual determination upon which we defer to the trial court's judgment. *See, Air Evac EMS, Inc. v. Goodman*, 883 S.W.2d 71, 74 (Mo.App. S.D.1994).

The circuit court was not required to believe Mr. Ice's testimony, especially in light of evidence that C & M Bonding had previously ratified Mr. Schenecker's appearance on its behalf during forfeiture proceedings.[4] This contrary evidence was

4. The circuit court stated that it was "not

ignoring the direct testimony of Cody Ice as

sufficient to support the court's determination that Mr. Schenecker had apparent authority to represent the surety's interest at the hearing in the Cook matter. The court properly applied the law in denying the Motion to Set Aside the Bond Forfeiture Judgment because notice of the forfeiture hearing was properly sent to the local agent who had authority to act on behalf of the surety. The judgment was neither irregular or void, as required for relief under Rule 74.06(b)(3).

## Conclusion

The circuit court's denial of the Motion to Set Aside Bond Forfeiture Judgment is affirmed.

All concur.

---

to the limited nature of [Mr.] Schenecker's authority. In fact, the limitation of such authority is expressly noted and will not be inferred in the future." Thus, the court found that C & M Bonding had not restricted its agent's authority in the past, but the limitation testified to by Mr. Ice would preclude the Buchanan County Circuit Court from presuming Mr. Schenecker's authority to accept notice and appear in future forfeiture proceedings on the surety's behalf.