**Derrick GRESHAM, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. ED 83372.**

Missouri Court of Appeals,
Eastern District,
Division Two.

March 16, 2004.

Rehearing Denied April 28, 2004.

Jeffrey A. Goldfarb, Clayton, MO, Robert Herman, St. Louis, MO, for appellant.

Andrea K. Spillars, Stephanie Morrell (co-counsel), Jefferson City, MO, for respondent.

### OPINION

GLENN A. NORTON, Presiding Judge.

Derrick Gresham was convicted of second-degree murder and armed criminal action after a jury trial. *See State v. Gres-*

*ham,* 97 S.W.3d 112 (Mo.App. E.D.2002) (affirming conviction). Gresham filed a motion seeking relief under Rule 29.15 over ninety days after this Court's mandate, and the court dismissed it as untimely according to Rule 29.15(b). Gresham appeals, and we affirm.

The only judgment for Gresham to appeal correctly dismissed his motion as untimely, which he admits. Nevertheless, he claims that, within ninety days of the mandate, he had submitted to the circuit clerk another motion, which the clerk returned to Gresham without filing because it was incomplete. Gresham argues that the motion was on the required Form 40 and contained his place of detention and his signature and that the circuit clerk had no discretion to refuse to file it.

Gresham's supplemental legal file containing the rejected Form 40 and the clerk's letter returning the form is not certified as required by Rule 81.15(a) and (e). While the parties do not appear to dispute that the documents are true and accurate, there is no written agreement to that effect in accordance with Rule 81.15(c). More importantly, the circuit court's docket sheet—which is part of the *certified* legal file—contains no reference to these documents, and there is nothing else in the certified record to suggest that Gresham ever presented the rejected form to the motion court or argued that it should have been filed and deemed timely. Because he raises this argument for the first time on appeal, it is not reviewable. *See White v. State,* 939 S.W.2d 887, 904 (Mo. banc 1997). Based on what was before the motion court, we cannot say that it clearly erred in dismissing Gresham's

motion as untimely. *See* Rule 29.15(k); *State v. Williams,* 861 S.W.2d 670, 675 (Mo.App. E.D.1993).[1]

The judgment is affirmed.

KATHIANNE KNAUP CRANE, and MARY K. HOFF, JJ. concurring.

---

1. If it is true that the circuit clerk's duties under Rule 29.15(c) are limited to ministerial functions—filing the motion, notifying the sentencing judge and delivering copies of the motion to the State and counsel—then Gresham may have recourse by way of a writ of mandamus, which is the appropriate way to compel the performance of a ministerial act. *See generally State ex rel. Bunker Resource, Recycling and Reclamation, Inc. v. Dierker,* 955 S.W.2d 931, 933 (Mo. banc 1997).