STATE of Missouri, Plaintiff–Respondent,

v.

Bismarck A. AGUILAR, Defendant,

and

Frank T. Bruce, Appellant.

No. SD 31918.

Missouri Court of Appeals, Southern District.

Oct. 16, 2012.

William Oris Worsham, Springfield, MO, for Aguilar and Bruce.

Chris Koster, Atty. Gen., and Gregory L. Barnes Asst. Atty. Gen., Jefferson City, MO, for Respondent.

DANIEL E. SCOTT, P.J.

Frank Bruce ("Surety") challenges a judgment of bond forfeiture. The defendant Aguilar, apparently still at large, has not filed notice of appeal and is not directly involved in the claims considered herein.

Surety's brief materially violates Rule 84.04.[1] The points ignore Rule 84.04(d). No standard of review is stated for any claim of error per Rule 84.04(e). The statement of facts and the argument have no citations to the record, although Rule 84.04(i) requires these in both respects. We properly could have dismissed the appeal, but we considered Surety's points as we could understand them without assuming a role of advocacy on his behalf.

1. Rule references are to Missouri Court Rules (2012); statutory citations are to RSMo 2000.

## Background

The defendant was charged with first-degree trafficking. Surety posted bond. The defendant appeared for his October 2010 bench trial, also attended by Surety, after which the court took the case under advisement. The defendant remained free on bond pending the court's decision on guilt.

On February 3, 2011, the court found the defendant guilty, set sentencing for April 22, notified defense counsel, and made a docket entry that was posted on Case.net.[2]

Defense counsel appeared for the April 22 sentencing; the defendant did not. The court granted a one-week extension, but the defendant again failed to appear. A capias warrant was issued and the state's motion for bond forfeiture was set for August 16 with notice to Surety. Surety appeared on August 16 and obtained a continuance because his lawyer was ill. On August 23, Surety appeared with counsel and testified at the bond forfeiture hearing.

On December 14, the court granted the state's motion and notified the parties. The parties responded with cross-motions—Surety sought to set aside the court's ruling, while the state moved to make forfeiture absolute and for execution.

The court set a second hearing for February 21, 2012. Surety appeared by counsel. The court made its judgment absolute and ordered immediate execution on the forfeited bond. During the nine months while bond forfeiture was at issue, the defendant was not returned to custody and his warrant remained outstanding.

2. Case.net provides online access to the Missouri state courts automated case management system, including case records and docket entries.

## Point I—Notice

Surety complains that due process and state law preclude bond forfeiture "without proper notice and an opportunity to be heard or an opportunity to comply with the bond by producing or surrendering the Defendant." The lead case he cites is *State v. Allied Fidelity Ins. Co.*, 719 S.W.2d 507 (Mo.App.1986).

■ According to *Allied Fidelity*, our bond forfeiture procedures [3] give a surety notice and an opportunity to show why judgment should not be entered against him. *Id.* at 509. "Failure to strictly adhere to the procedures, however, does not require overturning of the judgment" absent actual prejudice to the surety. *Id.* Since the surety in *Allied Fidelity* "was given notice and an opportunity to be heard at a meaningful time, before the forfeiture was made absolute," any procedural irregularity did not actually prejudice the surety. *Id.* On appeal, therefore, the judgment of bond forfeiture was affirmed.

■ Here, Surety was given notice and *two* opportunities "to be heard at a meaningful time, before the forfeiture was made absolute." *Allied Fidelity*, 719 S.W.2d at 509. Even if we assume *arguendo* some procedural irregularity, Surety has not shown prejudice or that he was not given "proper notice and an opportunity to be heard or an opportunity to comply with the bond by producing or surrendering the Defendant" as he alleges in Point I. Point denied.

## Point II—Case.net

Surety's complaint that the guilt finding was on Case.net "without first giving proper notice" to Surety is argued in barely a page and can be disposed of as quickly.

Surety "assumes" that the defendant "read ... the internet" and "made a predictable choice" to abscond, which Surety urges was "directly caused by the act of the State of Missouri through CASENET in prematurely advising the defendant of the finding of guilt."

■ First, it is rank speculation why or when the defendant jumped bond. Second, Surety cites no authority entitling sureties to advance notice of judicial decisions. Third, although Surety could claim discharge if state action prevented the defendant "from making his bonded appearance," *see State v. Jones*, 491 S.W.2d 241, 243 (Mo.1973), the state did no such thing here. We deny Point II and affirm the judgment.

JEFFREY W. BATES, J., and DON E. BURRELL, C.J., Concur.

---

**3.** Missouri's alternative procedures for obtaining final judgment on a bond forfeiture are (1) under Rule 33.14, or (2) by *scire facias* per § 544.640. The record suggests, and we assume for purposes of decision, that the trial court did not strictly follow either procedure.