**Robert A. RENNICK, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. WD 74719.**

Missouri Court of Appeals,
Western District.

March 5, 2013.

Ellen Flottman, Columbia, MO, for Appellant.

Evan Buchheim, Jefferson City, MO, for Respondent.

Before: KAREN KING MITCHELL, P.J., THOMAS H. NEWTON, and LISA WHITE HARDWICK, JJ.

THOMAS H. NEWTON, Presiding Judge.

Mr. Robert A. Rennick appeals the motion court's order dismissing his Rule 29.15 motion for post-conviction relief as untimely filed. We reverse and remand.

## Factual and Procedural Background

Mr. Rennick was convicted of first-degree statutory rape and sentenced to sixteen years imprisonment. On May 31, 2011, we affirmed the trial court's judgment. *State v. Rennick*, 342 S.W.3d 352, 353 (Mo.App. W.D.2011). On August 5, 2011, we issued our mandate.

According to the docket sheets, on October 6, 2011, Mr. Rennick filed a motion to proceed *in forma pauperis*.[1] In an order dated October 9, 2011, the motion court granted "the petitioner leave to file post-conviction motion in forma pauperis." In this same order, the motion court "further [found] that such motion was not timely filed and is barred as a matter of law," and ordered the case dismissed. The docket sheets and the court clerk's file stamp indicate that on October 11, 2011, Mr. Rennick filed a *pro se* motion for post-conviction relief, alleging ineffective assistance of counsel. Mr. Rennick, however, states that his motion for post-conviction relief was filed on October 6, 2011. The docket sheet shows the court dismissing his motion for post-conviction relief on October 11, 2011. Mr. Rennick appeals.

## Standard of Review

We review the trial court's order on a Rule 29.15 motion[2] under a clearly erroneous standard. *Spells v. State*, 213 S.W.3d 700, 701 (Mo.App. W.D.2007); Rule 29.15(k). We deem the motion court's findings and conclusions clearly erroneous only if our review of the record leaves us "with the definite and firm impression a

---

1. This motion does not appear in the legal file on appeal, nor does any *in forma pauperis* affidavit, such as is normally filed with a post-conviction relief motion when the movant is unable to pay the costs of the proceedings.

*See* Criminal Procedure Form 40, Missouri Rules of Criminal Procedure 2011.

2. Rule references are to Missouri Rules of Criminal Procedure 2011.

mistake has been made." *Spells*, 213 S.W.3d at 701 (internal quotation marks and citation omitted).

## Legal Analysis

Mr. Rennick argues that the motion court erred in dismissing the motion for post-conviction relief because it was not untimely under Rule 29.15.

Rule 29.15 provides the sole means for a person convicted of a felony to challenge his conviction or sentence based on a claim of a violation of "the constitution and laws of this state or the constitution of the United States, including claims of ineffective assistance of trial and appellate counsel," or a claim that the sentencing court lacked jurisdiction or imposed a sentence beyond the maximum legally authorized. Rule 29.15. A motion filed pursuant to Rule 29.15 is required to be "substantially in the form of Criminal Procedure Form No. 40." Rule 29.15(b).

█ If the convicted person has filed a direct appeal, as Mr. Rennick did, the Rule 29.15 motion is required to be "filed within 90 days after the date the mandate of the appellate court is issued affirming such judgment or sentence." Rule 29.15(b). Failure to file the motion within Rule 29.15's timeframe is a fatal defect and results in the complete waiver of any rights under Rule 29.15, as well as a waiver of any claim that could have been raised pursuant to the rule. *Manuel v. State*, 351 S.W.3d 240, 241–42 (Mo.App. E.D.2011) (internal quotation marks and citation omitted).

Thus, pursuant to Rule 29.15(b), Mr. Rennick was required to file his motion claiming ineffective assistance of counsel within 90 days of August 5, 2011, the date our mandate issued. Both the filing date argued by Mr. Rennick—October 6, 2011,—and the date recorded on the docket sheets and reflected by the court clerk's file stamp—October 11, 2011,—are within 90 days of our mandate. Consequently, the record demonstrates that Mr. Rennick's motion was timely filed. *See* Rule 20.01 (providing the methodology for time computation).

█ The State itself acknowledges that Mr. Rennick's motion reflects a time stamp within 90 days of our mandate. The State, however, asks that we affirm the dismissal because the allegations within the motion itself did not show that it was timely filed. Within the Form 40 motion, where asked to state the date of our mandate, Mr. Rennick wrote, "[d]o not know." The State argues that Mr. Rennick was "required to plead facts in the motion demonstrating that the motion was, in fact, timely filed," and that because Mr. Rennick did not provide the date of the mandate, the motion was properly dismissed. For support, the State relies on *Dorris v. State*, in which the Missouri Supreme Court held that the "movant … must allege facts establishing that the motion is timely filed." 360 S.W.3d 260, 267 (Mo. banc 2012).

█ While it is correct that the *Dorris* court so held, the *Dorris* court stated that a movant's burden of proof was met:

> by either: (1) timely filing the original *pro se* motion so that the time stamp on the file reflects that it is within the time limits proscribed in the Rule; (2) alleging and proving by a preponderance of the evidence in his motion that he falls within a recognized exception to the time limits; or (3) alleging and proving by a preponderance of the evidence in his amended motion that the court misfiled the motion.

*Id.* The latter two circumstances described in *Dorris* and their pleading requirements concern situations where the record reflects the motion was untimely filed, but

exceptional circumstances caused the untimeliness, or the time stamp does not reflect the correct filing time. *See Trice v. State*, 344 S.W.3d 277, 278–79 (Mo.App. E.D.2011). However, in the first circumstance discussed in *Dorris*, the movant meets his burden where "the time stamp on the file reflects that it is within the time limits proscribed in the Rule." 360 S.W.3d at 267. This is because "the date stamped by the circuit clerk is the official date of receipt." *Trice*, 344 S.W.3d at 278. Thus, "a post-conviction motion is considered filed when deposited with the circuit court clerk." *Graves v. State*, 372 S.W.3d 546, 548–49 (Mo.App. W.D.2012).

▆▆▆ Here, the circuit court's file stamp shows that Mr. Rennick's motion was filed within Rule 29.15's time limit, and the parties agree that the motion was timely filed. Although in the *pro se* Form 40, Mr. Rennick responded that he did not know the date of the mandate, as Mr. Rennick argues, the date of the mandate was readily ascertainable and the *pro se* motion could be corrected by the amended motion. Further, Mr. Rennick's motion stated that the trial court's judgment of conviction was affirmed on May 31, 2011, he provided the citation to *Rennick*, 342 S.W.3d 352, and the date of the mandate was apparent from the appellate court file in case.net,[3] as well as the circuit court docket sheets, which are part of the certified legal file. *See Gresham v. State*, 133 S.W.3d 507, 508 (Mo.App. E.D.2004). While we would not place further burden on the trial court, to dismiss Mr. Rennick's timely filed motion as untimely for failing to plead the date of the mandate does nothing to serve the purpose of the rule, which is to "serve the legitimate end of avoiding delay in the processing of prison-

er's claims and prevent the litigation of stale claims." *Dorris*, 360 S.W.3d at 269. Rule 19.03 requires us to construe Rule 29.15 "to secure the just, speedy and inexpensive determination of every criminal proceedings." Mr. Rennick's point is granted and reversal is required for the motion court to proceed in accord with Rule 29.15. *See, e.g., Skaggs v. State*, 8 S.W.3d 929, 930 (Mo.App. S.D.2000) (reversing and remanding where motion court prematurely dismissed motion for post-conviction relief as untimely filed and thus circumvented appellant's right to appointed counsel for an amended motion under Rule 24.035).

### Conclusion

For the foregoing reasons, the motion court's judgment is reversed and remanded.

MITCHELL, P.J., and HARDWICK, J., concur.

---

**3.** "Case.net provides online access to the Missouri state courts automated *case* management system, including *case* records and docket entries." *State v. Aguilar*, 385 S.W.3d 509, 510, n. 2 (Mo.App. S.D.2012).