**Larry W. SKAGGS, Jr., Appellant,**

v.

**STATE of Missouri, Respondent.**

No. 23178.

Missouri Court of Appeals,
Southern District,
Division Two.

Jan. 24, 2000.

Amy M. Bartholow, Asst. Public Defender, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Barbara K. Chesser, Asst. Atty. Gen., Jefferson City, for respondent.

KERRY L. MONTGOMERY, Presiding Judge.

Larry W. Skaggs, Jr., (Movant) pleaded guilty to first degree burglary and received a sentence of twelve and one-half years' imprisonment. He was delivered to the department of corrections on November 16, 1998. On February 16, 1999, Movant filed a pro se Rule 24.035 motion.[1]

On April 29, 1999, the motion court denied Movant's pro se motion without an evidentiary hearing after deciding that (1) the motion was untimely filed, and (2) the record conclusively showed that Movant was not entitled to any relief. Movant appeals.

The State concedes, as Movant alleges, the motion court erred in (1) denying Movant's pro se motion based on untimely filing, and (2) denying Movant's motion without allowing appointed counsel appropriate time to file an amended Rule 24.035 motion. The State makes a proper concession.

The timeliness issue is resolved by a simple application of Rules 24.035(b) and 20.01(a). When no appeal is taken from the underlying judgment of conviction, such as here, a Rule 24.035 motion must be "filed within ninety days of the date the person is delivered to the custody of the department of corrections." Rule 24.035(b).

As to computation of the 90–day time period, Rule 20.01(a) provides, in pertinent part:

In computing any period of time prescribed or allowed by these Rules, by order of court, or by any applicable statute, the day of the act, event, or default

---

1. Rule references are to Missouri Court Rules (1999), unless otherwise indicated.

after which the designated period of time begins to run is not to be included. The last day of the period so computed is to be included, unless it is a Saturday, Sunday, or a legal holiday, in which event the period runs until the end of the next day which is neither a Saturday, Sunday nor a legal holiday.

Under this rule, Movant's incarceration date is excluded. The ninetieth day from November 17, 1998, ended on February 14, 1999, a Sunday. The next day was a legal holiday (Washington's birthday observed). Thus, the 90–day time period extended to February 16, 1999, the day Movant filed his motion. Under Rule 20.01(a), the motion was timely filed.

■ Movant's remaining point is also well taken. On February 19, 1999, the motion court appointed counsel for Movant. The transcript of Movant's guilty plea was filed on April 26, 1999. A copy was mailed to Movant's appointed counsel. On April 29, 1999, the motion court summarily denied Movant's pro se motion.

Rule 24.035(g), as applicable here, provides that "the amended motion shall be filed within sixty days of ... the date both a complete transcript consisting of the guilty plea and sentencing hearing has been filed in the trial court and counsel is appointed."

■ As shown, Movant's counsel was not allowed sixty days to amend the pro se motion. The record also shows that appointed counsel made no determination under Rule 24.035(e) not to file an amended motion. Therefore, the motion court denied Movant the opportunity to file an amended motion by prematurely ruling his pro se motion. "Absent some performance by appointed counsel, the motion court cannot determine whether the *pro se* pleading can be made legally sufficient by amendment or whether there are other grounds for relief known to movant but not included in the *pro se* motion." *Luleff v. State*, 807 S.W.2d 495, 498 (Mo. banc 1991).

The judgment is reversed, and the cause is remanded for further proceedings. Upon remand, the motion court shall allow Movant's counsel sixty days from the filing date of our mandate to file an amended motion.

PREWITT, J., and GARRISON, C.J., concur.