**252** ■

Larry D. Hale, St. Louis, for Barbara Smith and State Farm Mutual Automobile & Insurance Company.

James A. Harfst, St. Louis, MO, for Diana Tucker.

Joseph L. Racine, St. Louis, MO, for James Simmons Jr. and Safeco Insurance Company.

Nancy D. Anderson Tayborn, St. Louis, for Delores Harris.

James R. Williams, Belleville, IL, for Selena Deloach.

Arthur F. Clark, St. Louis, MO, for Allstate Insurance Company.

Ramona & Napoleon Bryant, Florissant, MO, Respondents Acting pro se.

James Brown, St. Louis, MO, Respondent Acting pro se.

Before GARY M. GAERTNER, SR., P.J. and ROBERT G. DOWD, JR. and MARY R. RUSSELL, JJ.

## ORDER

Sammie J. LOUIS, Appellant,

v.

STATE of Missouri, Respondent.

No. ED 82759.

Missouri Court of Appeals, Eastern District, Division One.

Oct. 28, 2003.

Craig A. Johnston, Columbia, MO, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Andrea Mazza Follett, Assistant Attorney General, Jefferson City, MO, for respondent.

GARY M. GAERTNER, SR., Presiding Judge.

Appellant, Sammie J. Louis ("movant"), appeals the judgment of the Circuit Court of Lincoln County dismissing his Rule 24.035 [1] motion for post-conviction relief without an evidentiary hearing. Movant seeks to vacate his convictions of three counts of forgery in the first degree, section 570.090 RSMo 2000. Movant was sentenced to three concurrent terms of nine years imprisonment to also run concurrently with other sentences imposed on movant. We reverse and remand.

On July 3, 2001, movant pled guilty to three counts of forgery in the first degree in the Circuit Court of Lincoln County. At the hearing, the State alleged that in September of 1998, movant, with the purpose to defraud, transferred three checks on the account of Rickey or Kay Williams, knowing that the documents were not genuine. The State also alleged that movant was a prior and persistent offender. Movant admitted that he was guilty of the forgeries.

Movant was delivered to the Missouri Department of Corrections on July 18, 2001, and timely filed his *pro se* Rule 24.035 motion for post-conviction relief on September 18, 2001. On September 19, 2001, the motion court appointed "the Eastern Appellate Office of the State Public Defender" ("Eastern Office") to represent movant. On that date, the motion court also granted movant an additional thirty days to file an amended motion. A copy of this extension was sent to the Eastern Office on September 24, 2001. However, the amended motion was never filed, and the record does not reflect that the Eastern Office took any action on behalf of movant.

A Public Defender from the Central PCR Office entered his appearance for movant on February 10, 2003. Movant filed a "Motion for Reappointment of Counsel" on that date as well, stating that he had been abandoned by the Eastern Office, and that he was entitled to new counsel pursuant to *Luleff v. State,* 807 S.W.2d 495 (Mo.banc 1991).

On February 11, 2003, the motion court found that movant was abandoned by the Eastern Office and then appointed the Central PCR Office of the Missouri Public Defender to represent movant. However, on March 6, 2003, the motion court signed an order dismissing sixteen cases, including movant's Rule 24.035 motion.

In his first point on appeal, movant argues the motion court erred in dismissing his Rule 24.035 motion because Rule 24.035(g) permits an amended motion to be filed within sixty days of the date that counsel is appointed and the date a complete transcript is filed in the Circuit Court. We agree.

The state correctly concedes that the motion court erred in dismissing movant's Rule 24.035 motion.

---

1. All Rule references are to Missouri Court    Rules (2000).

Our review is limited to a determination of whether the motion court's findings and conclusions are clearly erroneous. Rule 24.035(k). Rule 24.035(g) states in pertinent part that "the amended motion shall be filed within sixty days of ... the date both a complete transcript consisting of the guilty plea and sentencing hearing has been filed in the trial court and counsel is appointed." Rule 24.035(g).

In this case, after the motion court found that movant was abandoned by the Eastern Office, the Central PCR Office was appointed to represent movant on February 11, 2003. The case was then dismissed on March 6, 2003. Therefore, the motion court clearly erred in dismissing movant's Rule 24.035 motion less than a month after the Central PCR Office was appointed to represent movant. *See Skaggs v. State,* 8 S.W.3d 929 (Mo.App. S.D.2000) (holding that the motion court erred in not allowing Skaggs sixty days to amend his *pro se* motion for post-conviction relief).

The judgment of the motion court dismissing movant's Rule 24.035 motion is reversed and remanded. Upon remand, the motion court shall allow movant's counsel sixty days from the filing date of this mandate to file an amended motion for post-conviction relief.

ROBERT G. DOWD, JR., J., and MARY R. RUSSELL, J., concur.